This is an appeal from a partial summary judgment dismissing a counterclaim, which was certified by the trial court as a final judgment pursuant to Rule 54(b), A.R.Civ.P. The case involves a suit on a promissory note and two separate guaranty agreements. We reverse.
Appellee Central Bank of Tuscaloosa, N.A. (now Central Bank of the South) commenced this action on March 15, 1985, against Fuel Sales, Inc., a domestic corporation; Frank Cicatiello, as its president; and appellant Frank Gray, a one-time stockholder of Fuel Sales, Inc. Central Bank sought recovery against Fuel Sales for default on a promissory note executed on February 27, 1984. The complaint also stated a cause of action against Cicatiello and Gray as guarantors of the note. The claims against Cicatiello and Gray are based on two separate guaranty agreements, one executed by Cicatiello as president of the corporation on February 27, 1984, and the other executed on November 11, 1983, by Gray, who, at the time of that guaranty agreement, was the sole stockholder of Fuel Sales. These written guaranty agreements, by their terms, are continuing, unlimited agreements. Only the 1983 agreement signed by Gray, which Central Bank asserts was binding on Gray at the time of execution of the promissory note here sued upon, is at issue in this appeal. A joint answer to the complaint was filed by Cicatiello and Gray. The answer raised, among other things, the affirmative defense of fraud. Included in the answer was a counterclaim, on behalf of Gray, alleging fraudulent misrepresentation and civil conspiracy against Central Bank and James H. Askew, Jr. (a bank officer), as its agent. Central Bank moved for summary judgment on both the complaint and the counterclaim. It was asserted that by the explicit terms of the promissory note and guaranty agreements there was no genuine issue of material fact and Central Bank was entitled to a judgment as a matter of law. Central Bank, moreover, contended that there was no evidence to support the counts of Gray's counterclaim, which alleged fraud and civil conspiracy. Central Bank's motion was supported by the affidavit of Jerry W. Morrison (president of Central Bank of Tuscaloosa). Summary judgment was denied as to the complaint, but was granted on behalf of Central Bank on Gray's counterclaim. The trial court, following a hearing on a motion by Gray to alter, amend, or vacate, denied the motion and, upon motion by Central Bank, certified that summary judgment as a final judgment on Gray's counterclaim, pursuant to Rule 54(b), A.R.Civ.P. It is this summary judgment on the counterclaim from which Gray appeals. Central Bank's original complaint on the promissory note and guaranty agreements remains pending.
The fraud count of the counterclaim alleges a fraudulent misrepresentation by an agent of Central Bank, which Gray maintains he relied upon in executing the guaranty agreement of November 11, 1983. This guaranty was executed in conjunction with a loan made to Fuel Sales, Inc., that same date. That note was subsequently repaid and is not the subject of this litigation. As previously indicated, Central Bank maintains that the written terms of this 1983 guaranty agreement bind Gray to the promissory note executed on February 27, 1984. Gray specifically averred that he was told by James Askew of Central Bank, upon executing the guaranty agreement of *Page 479 
1983, that the agreement was for that specific transaction and that he would not be obligated to repay any other indebtedness of Fuel Sales, Inc. The trial court, in dismissing Gray's counterclaim, held that there was not a scintilla of evidence of damages suffered as a result of the allegedly fraudulent representation, a required element in an action for fraud. Gray submits that there did exist a scintilla of evidence as to the required element of damages in that, because of Central Bank's suit against him on the guaranty agreement, he had been forced to expend funds to procure the services of an attorney to defend the action.
The trial court, in its summary judgment order, specifically held:
 "[A]fter reading Affidavits, Frank Gray's deposition, and hearing oral arguments of counsel, the Court affirms its denial of Summary Judgment on the Complaint on the grounds that there is a scintilla of evidence that there was a fraudulent concealment of material facts that if believed by the jury, would possibly, at least, estop the Plaintiff from denying termination of the unlimited guaranty agreement.
 "As to the Counter-Claim, Summary Judgment is granted on behalf of the Counter-Defendant, Central Bank of Tuscaloosa, N.A., also known as Central Bank of the South. There being neither a scintilla of evidence as to any damages suffered by the Counter-Claimant nor a scintilla of evidence of any civil conspiracy. . . ." (Emphasis supplied.)
As previously indicated, the original action on the promissory note and guaranty agreement remains pending below. The facts of the case at bar are somewhat analogous to those in Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373
(Ala. 1987), in which a Rule 54(b) certification was set aside. We wrote there: "[T]he issues in the two claims in this case are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results. We must conclude, therefore, that in the interest of justice, the claims should not be adjudicated separately." Branch v.SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala. 1987). The same can be said in the instant case. The trial court on one hand has ruled that there is a scintilla of evidence of fraudulent conduct which, if substantiated, could estop Central Bank from enforcing the 1983 guaranty agreement against Gray. On the other hand, the trial court, in the same written order, ruled that there was not a scintilla of evidence to support a showing of damages, which is a required element in a cause of action for fraud. Here, the claim and counterclaim both arise out of the same transaction, the same nucleus of operative facts. Because any determination of damages suffered by Gray cannot be dispositive in the absence of an adjudication of Central Bank's claim on the guaranty agreement, the summary judgment here should not have been granted. Indeed, Central Bank, on appeal, urges that Gray can in no wise be said to have suffered damages because Gray has yet to make any payments under the terms of the guaranty. The question then becomes: Will Gray ultimately have to make payments under the terms of the guaranty agreement? In the absence of an adjudication of Central Bank's claim, which remains pending, one can only speculate. Because the issues in these two claims are "closely intertwined" and because a separate adjudication would indeed pose an unreasonable risk of inconsistent results, we hold that summary judgment as to the one claim was improvidently granted by the trial court. Central Bank's claim on the note and the guaranty agreement, and Gray's counterclaim for fraud, should not be adjudicated separately.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur. *Page 480