STEAGALL, Justice.
On August 12,1986, Roger Boggess filed a complaint against First State Bank of Alabama and Ray Barley, Dalton M. Guthrie, and Robert D. Sclater as agents and officers of First State Bank, alleging fraud and misrepresentation, fraudulent concealment, outrageous conduct, conspiracy, and negligent supervision. In their answer to the complaint, First State Bank, Guthrie, and Sclater raised the defense that Bog-gess was guilty of fraud in that he had participated with Barley in loan transactions that violated the law and violated First State Bank’s loan policy. First State Bank also filed a counterclaim against Bog-gess, claiming damages based on an allegation that Boggess had conspired with Barley to defraud First State Bank by entering into illegal loan transactions whereby Barley advanced the loan proceeds to Boggess and Boggess delivered all or part of the loan proceeds back to Barley. First State Bank also claimed the amounts due, plus interest, on the promissory notes executed by Boggess during these loan transactions.
On March 27, 1989, First State Bank, Guthrie, and Sclater filed a motion for partial summary judgment. On June 2, 1989, the trial court entered a partial summary judgment for First State Bank, Guthrie, and Sclater on Boggess’s claims. This was made final pursuant to Rule 54(b), A.R. Civ.P., on June 12, 1989.[1] On July 3, 1989, Boggess filed a pro se motion to vacate the summary judgment on the ground that his attorney of record, through no fault of Boggess, had failed to file a response to the motion for summary judgment. The court vacated the summary judgment on August 10, 1989, and set the motion for summary judgment for hearing on August 31, 1989.
On August 17, 1989, Boggess’s attorney filed a motion to withdraw, stating that there was a mutual agreement on the withdrawal. The motion to withdraw was granted on that day. On August 30, 1989, Boggess filed a motion for a continuance.[2] On August 31, 1989, the court heard the motion for summary judgment and the motion for a continuance. Boggess appeared pro se and requested additional time to secure legal representation. The trial court overruled Boggess’s motion for a continuance and entered summary judgment for First State Bank, Guthrie, and Sclater. This judgment was made final *1294 pursuant to Rule 54(b). First State Bank’s counterclaim remains pending below.
On appeal, Boggess argues that the trial court erred in entering summary judgment in favor of First State Bank, Guthrie, and Sclater, and he raises the following issues:
I. Whether the trial court violated Bog-gess’s right to procedural due process by allowing Boggess’s attorney to withdraw from the case two weeks before the motion for partial summary judgment was to be heard.
II. Whether the trial court erred in granting the motion for partial summary judgment.
III. Whether the issues in Boggess’s claim and in First State Bank's counterclaim are so closely intertwined that separate adjudication would impose an unreasonable risk of inconsistent results.
I
Boggess alleges that he never agreed to his attorney’s withdrawal and that he never received notice that his attorney had filed a motion to withdraw. Bog-gess argues that as a result of not having notice of the motion, his rights to object to, and to be heard on, the motion were denied. Boggess further alleges that he never received notice from the trial court that his attorney’s motion to withdraw had been granted. Boggess argues that even if he had been given notice, he did not have enough time to secure the services of another attorney to defend against the motion for summary judgment.
In his motion to withdraw, Boggess’s attorney stated that there was a mutual agreement to the withdrawal. We have found nothing in the record that would reveal otherwise. We, therefore, find no merit to Boggess’s argument that he was denied an opportunity to object to, or to be heard on, the motion.
Likewise, we find no merit to Boggess’s argument that even if he had been notified by the trial court of his attorney’s withdrawal,[3] he did not have enough time to secure the services of another attorney. We find that Boggess had reason to know of the deterioration in the relationship with his attorney as early as July 3, 1989, when Boggess filed his pro se motion to vacate summary judgment. The trial court, by granting Boggess’s motion to vacate the summary judgment, allowed Boggess ample opportunity to defend against the motion. Moreover, we find that Boggess had notice of the date on which the motion for summary judgment was to be heard and that he appeared on that date to represent himself.
It is not apparent from the record that Boggess’s right to procedural due process has been denied. We hold that the trial court did not err in allowing Boggess’s attorney to withdraw from the case.
II
Because this case was filed before June 11, 1987, the “scintilla evidence rule” applies as to the ruling on the motion for summary judgment. See Code 1975, § 12-21-12. The question before this Court is whether Boggess has produced a scintilla of evidence that Barley, while acting within the line and scope of his employment with First State Bank, coerced Bog-gess against his will to enter into these loan transactions with First State Bank.
The record indicates that Barley was employed as a loan officer at First State Bank from 1976 until August 1985. As part of his duties, Barley made and serviced loans to customers of First State Bank. At the time of Barley’s employment, First State Bank had a policy strictly forbidding any employee from soliciting a personal loan from First State Bank’s customers. Barley was aware of this policy at the time he was employed with First State Bank.
At times during Barley’s employment with First State bank, Barley secretly made loans of First State Bank’s funds to Bog-gess with the understanding that Boggess would deliver all or part of the loan proceeds back to Barley. Barley represented *1295 to Boggess that in order for Boggess to continue to do business with First State Bank, Boggess would have to enter into these loan transactions. Barley would make the loan and Boggess would sign the note. When Barley gave Boggess the check, Boggess would cash the check and then meet Barley at a place away from First State Bank to deliver the cash to Barley. None of the other officers or employees of First State Bank knew of Barley’s activities until the end of July 1985.
After a review of the record before us, we find that, even though there is a scintilla of evidence that Barley coerced Boggess into entering these loan transactions, there is not a scintilla of evidence that Barley was acting within the line and scope of his employment at the time of these transactions. Therefore, the trial court correctly entered summary judgment in favor of Guthrie, Sclater, and First State Bank.
Ill
Boggess argues that his complaint and First State Bank’s counterclaim arise out of the same subject matter and that separate adjudication of those claims would pose a risk of inconsistent results. In support of this argument, Boggess cites Gray v. Central Bank of Tuscaloosa, N.A., 519 So.2d 477 (Ala.1987). In that case, the bank filed a complaint, alleging default on a promissory note, and the defendant filed a counterclaim, alleging fraudulent misrepresentation. In Gray, this Court, quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987), wrote: “ ‘[T]he issues in the two claims in this case are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results. We must conclude, therefore, that in the interest of justice, the claims should not be adjudicated separately.’ ” 519 So.2d at 479.
Under these facts, however, the certificate of finality under Rule 54(b) is appropriate. Boggess’s claims and First State Bank’s counterclaim do arise out of the same subject matter; however, we have found, as a matter of law, that First State Bank is not liable for Boggess’s claims and, therefore, separate adjudication of the claims would not pose an unreasonable risk of inconsistent results.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and SHORES and ADAMS, JJ., concur.
ALMON, J., concurs in the result.

. The partial summary judgment did not adjudicate Boggess’s claims against Barley.

. The case action summary shows that a motion for continuance was filed; however, a copy of the motion itself is not included in the record.

. The record reveals that when the motion to withdraw was granted, notices were mailed. The record does not indicate to whom the notices were mailed.