BRYAN, Justice.
Christopher E. Sanspree, Sr., appeals from a summary judgment entered in favor of Sterling Bank. We dismiss the appeal as being from a nonfinal judgment.
In June 2011, Sterling Bank sued San-spree, alleging that Sanspree had defaulted on a promissory note executed in favor of Sterling Bank. In October 2011, San-spree filed an answer in which he asserted counterclaims. In his counterclaims, San-spree acknowledged that he had signed the promissory note agreeing to repay a loan he had obtained from Sterling Bank. However, Sanspree alleged that, before he signed the promissory note, Sterling Bank had fraudulently represented to him that it would later modify the loan to reflect terms more favorable to Sanspree than those in the note he was signing. San-spree claimed that he had signed the promissory note based on the allegedly fraudulent representation. Sanspree also alleged that, after the promissory note was executed, Sterling Bank made fraudulent representations and concealed certain information regarding the possible modification of the loan. Sterling Bank never modified the loan. Sanspree asserted counterclaims of fraudulent representation, *1201 fraudulent concealment, negligence and/or wantonness, and negligent and/or wanton hiring, training, and supervision. San-spree later alleged three additional counterclaims, but those counterclaims were eventually dismissed.
In May 2012, Sterling Bank moved for a summary judgment on only its claim against Sanspree. The summary-judgment motion stated that Sterling Bank was not moving for a summary judgment on Sanspree’s counterclaims against it. San-spree filed a response to the summary-judgment motion, arguing that Sterling Bank’s claim against him should not be adjudicated separately from his counterclaims. In July 2012, the trial court entered a summary judgment in favor of Sterling Bank on its claim against San-spree; the summary judgment did not address Sanspree’s counterclaims. Sanspree subsequently moved the trial court to certify the summary judgment as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. On July 19, 2012, the trial court certified the summary judgment as final under Rule 54(b), and Sanspree subsequently appealed to this Court.
Sterling Bank has moved this Court to dismiss the appeal, arguing that the trial court should not have certified the summary judgment as final under Rule 54(b). We agree.
“‘Ordinarily, an appeal can be brought only from a final judgment. Ala.Code 1975, § 12-22-2. If a case involves multiple claims or multiple parties, an order is generally not final unless it disposes of all claims as to all parties. Rule 54(b), Ala. R. Civ. P. However, when an action contains more than one claim for relief, Rule 54(b) allows the court to direct the entry of a final judgment as to one or more of the claims, if it makes the express determination that there is no just reason for delay.’ ”
North Alabama Elec. Coop. v. New Hope Tel. Coop., 7 So.3d 342, 344 (Ala.2008) (quoting Grantham v. Vanderzyl, 802 So.2d 1077, 1079-80 (Ala.2001)).
“Rule 54(b) provides, in part:
“ ‘When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.’
“This Court recently explained the appropriate standard for reviewing Rule 54(b) certifications, stating:
“ ‘ “If a trial court certifies a judgment as final pursuant to Rule 54(b), an appeal will generally lie from that judgment.” Baugus v. City of Florence, 968 So.2d 529, 531- (Ala.2007).
“ ‘Although the order made the basis of the Rule 54(b) certification disposes of the entire claim against [the defendant in this case], thus satisfying the requirements of Rule 54(b) dealing with eligibility for consideration as a final judgment, there remains the additional requirement that there be no just reason for delay. A trial court’s conclusion to that effect is subject to review by this Court to determine whether the trial court exceeded its discretion in so concluding.’
“Centennial Assocs. v. Guthrie, 20 So.3d 1277, 1279 (Ala.2009). Reviewing the trial court’s finding in Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006), that there was no just reason for delay, this *1202 Court explained that certifications under Rule 54(b) are disfavored:
“ ‘This Court looks with some disfavor upon certifications under Rule 54(b).
“ ‘ “It bears repeating, here, that ‘ “[certifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.” ’ State v. Lawhorn, 830 So.2d 720, 725 (Ala.2002) (quoting Baker v. Bennett, 644 So.2d 901, 903 (Ala.1994), citing in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987)). ‘ “ ‘Appellate review in a piecemeal fashion is not favored.’ ” ’ Goldome Credit Corp. [v. Player, 869 So.2d 1146, 1148 (Ala.Civ.App.2003) ] (quoting Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996)) (emphasis [omitted]).”
“ ‘Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004).’
“In considering whether a trial court has exceeded its discretion in determining that there is no just reason for delay in entering a judgment, this Court has considered whether ‘the issues in the claim being certified and a claim that will remain pending in the trial court “ ‘are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.’ ” ’ Schlarb, 955 So.2d at 419-20 (quoting Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987), and concluding that conversion and fraud claims were too intertwined with a pending breach-of-contract claim for Rule 54(b) certification when the propositions on which the appellant relied to support the claims were identical). See also Centennial Assocs., 20 So.3d at 1281 (concluding that claims against an attorney certified as final under Rule 54(b) were too closely intertwined with pending claims against other defendants when the pending claims required ‘resolution of the same issue’ as issue pending on appeal); and Howard v. Allstate Ins. Co., 9 So.3d 1213, 1215 (Ala.2008)(concluding that the judgments on the claims against certain of the defendants had been improperly certified as final under Rule 54(b) because the pending claims against the remaining defendants depended upon the resolution of common issues).”
Lighting Fair, Inc. v. Rosenberg, 63 So.3d 1256, 1263-64 (Ala.2010).
This case is similar to Branch v. South-Trust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987). In Branch, a bank sued Branch, alleging that he had defaulted on a promissory note. Branch counterclaimed, alleging that an agent of the bank had made a fraudulent representation upon which he had relied in executing the promissory note. The bank moved for a summary judgment on both its claim and Branch’s counterclaim. The trial court entered a summary judgment in favor of the bank on its claim, but it declined to enter a summary judgment in favor of the bank on Branch’s counterclaim. The trial court certified the summary judgment as final pursuant to Rule 54(b). On appeal, this Court concluded that the trial court should not have certified the summary judgment as final. We explained:
“The facts in this case ... do not present the type of situation that Rule 54(b) was intended to cover. The counterclaim asserted by Branch is based upon an alleged fraudulent representa *1203 tion by an agent of [the bank] upon which Branch claims he relied in executing the promissory note. It therefore appears that the issues in the two claims in this case are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results. We must conclude, therefore, that in the interest of justice, the claims should not be adjudicated separately.”
Branch, 514 So.2d at 1374.
Gray v. Central Bank of Tuscaloosa, N.A., 519 So.2d 477 (Ala.1987), presented a situation similar to Branch. This Court has summarized the holding in Gray as follows:
“In Gray ... Central Bank sued, alleging a default on a promissory note. Frank Gray was a defendant by virtue of his being a guarantor of the note. Only a 1983 agreement signed by Gray was the subject of the appeal before this Court. Gray and another defendant filed an answer that asserted the affirmative defense of fraud; the answer also contained a counterclaim by Gray alleging fraudulent misrepresentation and civil conspiracy against Central Bank and a bank officer, as an agent of the bank. Central Bank thereafter filed a motion for a summary judgment on both its complaint and Gray’s counterclaim. The trial court entered a summary judgment for the bank on Gray’s counterclaim, but left the bank’s claim on the promissory note pending. Upon motion of Central Bank, the trial court certified the summary judgment on Gray’s counterclaim as final under Rule 54(b). On appeal, this Court, finding that the facts of that case were analogous to those of Branch, supra, determined that Central Bank’s claim on the promissory note and Gray’s counterclaim alleging fraud should not be adjudicated separately ‘[bjecause the issues in these two claims [were] “closely intertwined” and because a separate adjudication would indeed pose an unreasonable risk of inconsistent results.’ 519 So.2d at 479.”
Clarke-Mobile Cntys. Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 96 (Ala.2002).
In Clarke-Mobile Counties Gas District, supra, this Court relied on Branch and Gray in determining that the trial court had erred in certifying as final a summary judgment entered on counterclaims when there were opposing claims of breach of contract and fraud. In that case, the Court noted that “[i]n Branch ... and Gray ... this Court held that opposing claims of breach of contract (specifically default), and fraud, based upon the same set of facts, should not be separately adjudicated.” 834 So.2d at 96. See also Harlan Home Builders, Inc. v. Hayslip, 58 So.3d 102 (Ala.2010) (concluding that the case presented a “mirror image” of the situation in Branch and that the trial court had erred in entering a Rule 54(b) certification).
Similarly, the trial court in this case erred in certifying the summary judgment on Sterling Bank’s breach-of-contract claim as final under Rule 54(b). San-spree’s unadjudicated counterclaims include an allegation that Sterling Bank made a fraudulent representation upon which Sanspree relied in executing the promissory note. The resolution of San-spree’s allegation of fraud could affect his liability on the promissory note. See Branch, Gray, and Clarke-Mobile Counties Gas District. Thus, issues in the claim certified as final and a pending counterclaim “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” Branch, 514 So.2d at 1374. Accordingly, the trial court’s Rule 54(b) certification was invalid, and this appeal is from a *1204 nonfinal judgment. Therefore, we dismiss the appeal.
We deny Sterling Bank’s request for an award of attorney fees and costs.
APPEAL DISMISSED.
MOORE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.