SouthTrust Bank of Dothan, N.A. ("SouthTrust") filed a complaint against defendants A.G. Branch and Clint Owens in the Houston County Circuit Court, alleging default by Branch and Owens on a promissory note. A default judgment was entered against Owens, and the court entered a Rule 54(b), A.R.Civ.P., certification of finality on July 3, 1986. On June 13, 1986, Branch filed an answer to SouthTrust's complaint and a cross-claim against Owens. On July 10, 1986, SouthTrust filed a motion for summary judgment against Branch. Subsequently, on July 16, 1986, Branch filed an amended answer and a counterclaim against SouthTrust. In his counterclaim, Branch asserted that SouthTrust had represented to him that it would hold certain real property as security for a loan that SouthTrust was soliciting Branch to "endorse." Branch further asserted that he relied on the representations of SouthTrust in signing the note, later discovering that SouthTrust released part of the property from its mortgage without his knowledge or consent. In response to SouthTrust's motion for summary judgment, Branch submitted his affidavit, which repeats a portion of the allegations of his counterclaim.
On August 5, 1986, SouthTrust filed an amended motion for summary judgment, seeking summary judgment on Branch's counterclaim as well as on its complaint. The trial court entered a partial summary judgment in favor of SouthTrust on its complaint against Branch, but denied the summary judgment on Branch's counterclaim. On January 15, 1987, the trial court made a Rule 54(b) certification of finality as to that partial summary judgment, expressly finding no just reason for delay. *Page 1374 
Branch appeals, claiming that the summary judgment against him was improper. Alternatively, Branch asserts that the trial court abused its discretion by making its partial summary judgment a final judgment.
Rule 54(b), A.R.Civ.P., provides a means of making final "an order which does not adjudicate the entire case but as to which there is no just reason for delay in the attachment of finality." Foster v. Greer Sons, Inc.,446 So.2d 605, 609 (Ala. 1984). "Rule 54(b) certifications should be granted only in exceptional cases and 'should not be entered routinely or as a courtesy or accommodation to counsel.'Page v. Preisser, 585 F.2d 336, 339 (8th Cir. 1978)." Foster, 446 So.2d at 610.
Rule 54(b) is properly applied in a situation where the claim and the counterclaim present more than one claim for relief, either of which could have been separately enforced.Cates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975). Under "appropriate facts," a partial summary judgment on an original claim may be finally adjudicated pursuant to Rule 54(b), leaving a counterclaim undecided so that the parties can further litigate the issues presented by the counterclaim. Pate v. Merchants National Bank ofMobile, 409 So.2d 797, 798 (Ala. 1982). InPate, a bank filed suit against a promissor and individual guarantors following default on a promissory note. After the bank filed a motion for summary judgment, the defendants filed an amended answer to the bank's complaint, including a counterclaim by one of the defendants. The counterclaim alleged that the bank had wrongfully converted funds deposited in that defendant's checking account. ThePate Court affirmed the trial court's entry of final judgment pursuant to Rule 54(b) in favor of the bank on its motion for summary judgment, leaving the counterclaim undecided and subject to further litigation. Finding that the bank's claim on the note established one claim and that the defendant's counterclaim for conversion of checking account funds formed a separate claim, the Pate Court held that the case "presented the very facts that Rule 54(b) was intended to cover, and the trial judge certainly did not abuse his discretion by applying the rule to it."Pate, supra, at 800.
The facts in this case, however, do not present the type of situation that Rule 54(b) was intended to cover. The counterclaim asserted by Branch is based upon an alleged fraudulent representation by an agent of SouthTrust upon which Branch claims he relied in executing the promissory note. It therefore appears that the issues in the two claims in this case are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results. We must conclude, therefore, that in the interest of justice, the claims should not be adjudicated separately.
The certification of finality under Rule 54(b) is set aside and the case is remanded to the circuit court.
CERTIFICATION SET ASIDE; REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.