Richard Winecoff and Sandy Winecoff sued Compass Bank. Compass Bank answered and counterclaimed. Compass Bank moved for a summary judgment on the Winecoffs' claims against it. The Winecoffs opposed that motion. On June 20, 2002, the trial court entered a summary judgment on the Winecoffs' claims. In its June 20, 2002, order, the trial court noted that Compass Bank's counterclaim against the Winecoffs was still pending, and it purported to certify, pursuant to Rule 54(b), Ala.R.Civ.P., the order as final. The Winecoffs appealed.
The record indicates that the Winecoffs had a joint checking account at Compass Bank. On May 1, 2001, Sandy Winecoff redeemed two United States Savings Bonds at Compass Bank. Compass Bank later determined that it had paid Sandy Winecoff $2,425.60 in excess of the amount actually due on those savings bonds. Therefore, Compass Bank "set off," or deducted, $1,272.59 from the Winecoffs' joint checking account as a partial repayment of the amount it had allegedly overpaid. Compass Bank contended that the terms of the account agreement between it and the Winecoffs allowed it to effect that setoff. The Winecoffs argued that the setoff was not authorized by the account agreement or by applicable caselaw. The Winecoffs claimed that the allegedly improper setoff caused checks written on their joint checking account, which they believed had funds sufficient to cover those checks, to be returned to Compass Bank for insufficient funds.
In their complaint against Compass Bank, the Winecoffs alleged conversion, *Page 613 
breach of contract, breach of fiduciary duty, defamation, suppression, negligence and wantonness, wrongful seizure of funds, and the tort of outrage. The Winecoffs' claims were based on their allegation that they had been injured by Compass Bank's allegedly improper setoff of the $1,272.59 from their joint checking account. In its counterclaim, Compass Bank sought to recover the remaining $1,153.01 it claimed it had overpaid Sandy Winecoff when she redeemed the savings bonds.
In its motion for a summary judgment on the Winecoffs' claims, Compass Bank argued only that it had the authority, under both its agreement with the Winecoffs and applicable caselaw, to set off the Winecoffs' joint account for the amount it claimed it had overpaid with regard to the savings bonds. The Winecoffs opposed that motion, arguing a lack of mutuality in their joint-checking-account agreement with Compass Bank.
We conclude, however, that the June 20, 2002, partial summary judgment was not appropriate for certification under Rule 54(b). "`Appellate review in a piecemeal fashion is not favored.'" Harper Sales Co. v.Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App. 1999) (quoting Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229
(Ala.Civ.App. 1996)). An order should be certified final pursuant to Rule 54(b) only in an exceptional case; a Rule 54(b) certification should not be entered routinely. Moss v. Williams, 747 So.2d 905, 907 (Ala.Civ.App. 1999). See also Parrish v. Blazer Fin. Servs., Inc., 682 So.2d 1383
(Ala.Civ.App. 1996). In considering whether an order was properly certified as final pursuant to Rule 54(b) in a case involving a claim and a counterclaim, our supreme court stated:
 "Rule 54(b) is properly applied in a situation where the claim and the counterclaim present more than one claim for relief, either of which could have been separately enforced. Cates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975). Under `appropriate facts,' a partial summary judgment on an original claim may be finally adjudicated pursuant to Rule 54(b), leaving a counterclaim undecided so that the parties can further litigate the issues presented by the counterclaim. Pate v. Merchants National Bank of Mobile, 409 So.2d 797, 798 (Ala. 1982). In Pate, a bank filed suit against a promissor and individual guarantors following default on a promissory note. After the bank filed a motion for a summary judgment, the defendants filed an amended answer to the bank's complaint, including a counterclaim by one of the defendants. The counterclaim alleged that the bank had wrongfully converted funds deposited in that defendant's checking account. The Pate Court affirmed the trial court's entry of final judgment pursuant to Rule 54(b) in favor of the bank on its motion for summary judgment, leaving the counterclaim undecided and subject to further litigation. [The Pate Court found] that the bank's claim on the note established one claim and that the defendant's counterclaim for conversion of checking account funds formed a separate claim. . . ."
Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala. 1987).
In Branch v. SouthTrust Bank of Dothan, N.A., supra, SouthTrust sued Branch seeking to recover on a promissory note. Branch counterclaimed, alleging fraudulent misrepresentation related to his execution of that promissory note. The trial court entered a partial summary judgment in favor of SouthTrust and purported to certify its judgment as final pursuant to Rule 54(b). Our supreme court set aside the Rule 54(b) certification, concluding: *Page 614 
 "The counterclaim asserted by Branch is based upon an alleged fraudulent representation by an agent of SouthTrust upon which Branch claims he relied in executing the promissory note. It therefore appears that the issues in the two claims in this case are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results. . . . [I]n the interest of justice, the claims should not be adjudicated separately."
514 So.2d at 1374.
In this case, the Winecoffs based the claims in their complaint on their contention that Compass Bank did not have the authority to set off their account for a portion of an amount it contended it had overpaid the Winecoffs. Compass Bank counterclaimed, essentially contending that the setoff was proper and seeking the payment of the remainder of the amount of the alleged overpayment to Sandy Winecoff on her redemption of the savings bonds. Thus, the Winecoffs' claims and Compass Bank's counterclaim are not based on separate facts or theories of recovery, as were the claim and the counterclaim in Pate, supra. Rather, the claims and the counterclaim each rested on the issue whether Compass Bank could validly effect a setoff against the Winecoffs' joint checking account. Compass Bank's counterclaim, which remains pending in the trial court, is related to the Winecoffs' claims resolved by the partial summary judgment; however, there has been no determination of that counterclaim. We conclude that the Winecoffs' claims and Compass Bank's counterclaim are "so closely intertwined" as to create a "unreasonable risk of inconsistent results" if the claims are adjudicated separately. SeeBranch v. SouthTrust Bank of Dothan, N.A., supra. See also Clarke-MobileCounties Gas Dist. v. Prior Energy Corp., 834 So.2d 88 (Ala. 2002) (dismissing an appeal from an order that the court determined was not appropriate for Rule 54(b) certification because the claims and counterclaims involved were so intertwined as to create a risk of inconsistent results if adjudicated separately). The trial court erred in certifying its partial summary judgment as final pursuant to Rule 54(b), Ala.R.Civ.P.; that certification must be set aside. The appeal is taken from a nonfinal partial summary judgment, and it must be dismissed for want of jurisdiction. See Clarke-Mobile Counties Gas Dist. v. PriorEnergy Corp.; supra; Moss v. Williams, supra; Harper Sales Co. v. Brown,Stagner, Richardson, Inc., supra; Parrish v. Blazer Fin. Servs., Inc., supra.
APPEAL DISMISSED.
Yates, P.J., and Crawley, Pittman, and Murdock, JJ., concur.