The facts underlying the dispute in this action may be summarized briefly for the purposes of resolving this appeal. The parties' claims result from a disagreement regarding the performance under a contract to cut timber from certain real property. Pursuant to that contract, Thornton Associates, Inc. ("Thornton"), for a specified price, was to harvest timber from certain real property to which BBS General Contractors, Inc. ("BBS"), held the timber rights. It appears that Stanley R. Bowen, Sr., and his wife, Diane Bowen, were shareholders in BBS.
Thornton hired a third party to harvest the timber pursuant to its contract with BBS. Stanley Bowen, Sr., halted the harvesting after approximately half of the timber had been cut because he believed that the work was not being performed according to the terms of the contract. Thornton then sought to be paid the full amount specified under the contract.
Thornton later sued BBS and Diane Bowen, [1] alleging claims of breach of contract, misrepresentation, negligence, wantonness, conversion, and unjust enrichment. BBS and Diane Bowen (hereinafter "the defendants") answered, denying the material allegations of the complaint. The defendants later counterclaimed, seeking damages on claims of breach of contract, trespass, and trespass to timber, and also seeking damages pursuant to § 35-14-1, Ala. Code 1975, which provides a statutory penalty for wrongfully cutting trees.
Thornton moved for a summary judgment on the defendants' counterclaims, and the defendants opposed that motion. On February 27, 2006, the trial court entered an order denying Thornton's summary-judgment motion as it pertained to the breach-of-contract counterclaim, but granting that motion with regard to the defendants' trespass, trespass-to-timber, and statutory-penalty counterclaims. The trial court expressly certified the February 27, 2006, order as final pursuant to Rule 54(b), Ala. R. Civ. P.
On August 26, 2006, Thornton renewed its motion for a summary judgment on the defendants' breach-of-contract counter-claim, and it submitted additional evidence in support of that motion. On December 6, 2006, the trial court granted Thornton's renewed motion and entered a summary judgment in favor of Thornton on the defendants' breach-of-contract counterclaim. The trial court also certified the December *Page 123 
6, 2006, order as final pursuant to Rule 54(b). On January 11, 2007, the defendants appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
The defendants purport to appeal the December 6, 2006, order resolving the breach-of-contract counterclaim. In their brief submitted to this court, however, the defendants raise only issues pertaining to whether Thornton may be held liable for the trespasses the defendants allege were committed by the third party Thornton hired to cut the timber. The defendants maintain that Thornton ratified the third party's actions and, therefore, that Thornton should be determined to be liable for the alleged trespass. See Ex parte May RefrigerationCo., 344 So.2d 156, 159 (Ala. 1977) ("It is the law that one may ratify the acts of another not done in the name of the former."); see also CO. Osborn Contracting Co. v. AlabamaGas Corp., 273 Ala. 6, 7, 135 So.2d 166, 167 (1961) (superseded by statute on other grounds) (distinguishing an employer's liability for various forms of trespass by an agent taken at the employer's direction from those not taken at the employer's direction).
Thus, the defendants' arguments on appeal are more properly directed to the counterclaims resolved in the February 27, 2006, order. The defendants' notice of appeal, however, was filed well in excess of the 42 days allowed to appeal that order, had it been a final judgment. See Rule 4(a)(1), Ala. R.App. P. (a notice of appeal shall be filed within 42 days of the entry of a judgment). We conclude, however, that neither the February 27, 2006, order nor the December 6, 2006, order, were appropriate for Rule 54(b) certification and, therefore, that neither order constituted a judgment that would support an appeal.
Jurisdictional matters, such as whether an order is final so as to support an appeal, are of such importance that a court may take notice of them ex mero motu. Reid v. Reid,844 So.2d 1212, 1214 (Ala.Civ.App. 2002); and Wilson v.Glasheen, 801 So.2d 848, 849 (Ala.Civ.App. 2001). Rule 54(b), Ala. R. Civ. P., allows a trial court, in appropriate instances, to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties." With regard to subsection (b), the Committee Comments on 1973 Adoption to Rule 54 provide, in pertinent part:
 "This subdivision regulates the relation of that joinder to the usual requirement, in Alabama as elsewhere, that appeal must be only from a final judgment, save in unusual circumstances. See Code of Ala., Tit. 7, § 754. In general the rule adopts equity practice of a `split judgment.' See Equity Rule 69. The rule provides that, in the absence of affirmative action by the judge, no decision is final until the entire case has been adjudicated. The one exception is that where the court has completely disposed of one of a number of claims, or one of multiple parties, and has made an express determination that there is no just reason for delay, the court may direct the entry of judgment on that claim or as to that party. The judgment so entered is a final judgment in all respects, and may be appealed. . . ."
In some instances, a Rule 54(b) certification may not be appropriate. When pending claims "`are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results,'" our courts may determine a Rule 54(b) certification to be invalid. Gray v. Central Bank ofTuscaloosa, N.A., 519 So.2d 477, 479 (Ala. 1987) (quotingBranch v. SouthTrust Bank of Dothan, N.A.,514 So.2d 1373, 1374 (Ala. 1987)). See also Clarke-Mobile Counties GasDist. v. Prior Energy Corp., 834 So.2d 88 (Ala. 2002) (setting *Page 124 
aside a Rule 54(b) certification and dismissing the appeal as being from a non-final judgment when the trial court considered breach-of-contract claims without considering the counterclaim alleging fraud). The mere fact that claims "may have arisen out of the same set of facts does not prevent them from being multiple claims." Pate v. Merchants Nat'l Bankof Mobile, 409 So.2d 797, 799 (Ala. 1982) (citing Cotesv. Bush, 293 Ala. 535, 307 So.2d 6 (1975)).
In Pate v. Merchants National Bank of Mobile, supra, upon the default on a promissory note, a bank sued, among other parties, certain guarantors of the note. One of the guarantors counterclaimed against the bank, alleging that before the execution of the promissory note, the bank had improperly converted certain funds from her account. The trial court entered a summary judgment in favor of the bank on its claims, and it certified its order as final pursuant to Rule 54(b). The guarantor appealed, arguing that the trial court had erred in entering a final judgment with regard to the bank's claims while her counterclaim was still pending. Our supreme court affirmed, concluding that the Rule 54(b) certification was appropriate because "[e]ither of the claims could have been separately enforced" and that the case was "an example of the type of situation Rule 54(b) was intended to cover." Patev. Merchants Nat'l Bank of Mobile, 409 So.2d at 800.
In Branch v. SouthTrust Bank of Dothan, N.A., supra, a bank sued Branch seeking repayment of a promissory note. Branch counterclaimed, asserting that an agent of the bank had made a fraudulent misrepresentation upon which he had relied in executing the promissory note. The trial court entered a summary judgment in favor of the bank on its claim, but it refused to enter a summary judgment in favor of the bank on Branch's counter-claim. The trial court certified the summary judgment on the bank's claim as final pursuant to Rule 54(b), and, among his arguments on appeal, Branch asserted that the trial court had erred in certifying its judgment as final. Our supreme court agreed and set aside the Rule 54(b) certification. In reaching its holding, the court stated:
 "The facts in this case, however, do not present the type of situation that Rule 54(b) was intended to cover. The counterclaim asserted by Branch is based upon an alleged fraudulent representation by an agent of SouthTrust upon which Branch claims he relied in executing the promissory note. It therefore appears that the issues in the two claims in this case are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results."
Branch v. SouthTrust Bank of Dothan, N.A.,514 So.2d at 1374.
In Winecoff v. Compass Bank, 854 So.2d 611
(Ala.Civ.App. 2003), the Winecoffs redeemed two savings bonds at a bank, and the bank overpaid the amount actually due on those bonds. The bank then "set off," or deducted, an amount from the Winecoffs' checking account as partial repayment of the overpayment on the bonds. 854 So.2d at 612. The Winecoffs sued the bank, alleging that the setoff was improper, and the bank counterclaimed, alleging that the setoff was proper and seeking the remainder of the amount it had overpaid the Winecoffs. The trial court entered a summary judgment in favor of the bank on the Winecoffs' claims, and, although it noted that the bank's counterclaim was still pending, the trial court certified its order as final pursuant to Rule 54(b). This court determined that "the claims and the counterclaim each rested on the issue whether *Page 125 
[the bank] could validly effect a setoff against the Winecoffs' joint checking account." Winecoff v. CompassBank, 854 So.2d at 614. Therefore, this court held that the claims and the counterclaim were too closely intertwined to render the Rule 54(b) certification valid. Accordingly, this court set aside the Rule 54(b) certification and dismissed the appeal as having been taken from a nonfinal judgment.Id.
In this case, Thornton alleged in its breach-of-contract claim that it had not been paid for its performance pursuant to the terms of the contract. The defendants counterclaimed, alleging that Thornton had breached the contract by failing to properly perform the terms of the contract. Thus, the interpretation of the contract and a determination as to which party breached the contract is central to the parties' contract claims; accordingly, the parties' contract claims are dependent on each other and a resolution of one claim would impact the determination of the other. The defendants' other three counter-claims were based on the theory that, in violating the terms of the contract, Thornton had trespassed and improperly cut certain trees. Thus, those claims also "rested on the issue" of the proper interpretation of the contract to determine whether Thornton or the third party who cut the trees had improperly performed under the terms of the contract.See Winecoff v. Compass Bank, 854 So.2d at 614. "It therefore appears that the issues in . . . this case are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results." Branch v.SouthTrust Bank of Dothan, N.A., 514 So.2d at 1374. Accordingly, we conclude that the trial court erred in certifying its partial summary judgments on the defendants' counterclaims as final pursuant to Rule 54(b), and we dismiss the appeal. See Winecoff v. Compass Bank, supra.
APPEAL DISMISSED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., recuses himself.
[1] The complaint designated this party as "Mrs. Stanley R. Bowen, Sr." At the time the action was initiated, Stanley R. Bowen, Sr., had died.