THOMPSON, Presiding Judge.
 

 Dwight Gregory d/b/a Top Flight Construction, Inc., filed a complaint in the Coffee Circuit Court against Reginald Fer
 
 *597
 
 guson seeking an award of damages on claims of fraud, intentional interference with business and contractual relations, quantum meruit, and breach of contract. In his complaint, Gregory alleged that he had sold certain real property to Ferguson in exchange for Ferguson’s agreement to hire him to construct a house for Ferguson on that property. Gregory alleged that, after he had performed extensive work on the property, Ferguson had terminated the parties’ contractual agreement and had informed the Home Builders Licensure Board and others that Gregory was not licensed as required by § 34-14A-5, Ala. Code 1975.
 
 [1]
 
 By stipulation of the parties, the action was transferred to the Coffee Circuit Court, Enterprise Division (hereinafter “the trial court”).
 

 Ferguson filed an answer and a counterclaim. In his counterclaim, Ferguson alleged, among other things, that Gregory had falsely represented that he was a licensed contractor; that Gregory had failed to pay subcontractors he hired, as was purportedly required by the contract between the parties; and that Gregory had improperly filed a lien against his house.
 

 On January 16, 2007, Ferguson filed a motion for a summary judgment, arguing that because Gregory was not licensed as a contractor or a home builder under § 34-14A-5, Gregory lacked standing to assert his claims. Gregory opposed Ferguson’s summary-judgment motion. On December 14, 2007, the trial court, relying on § 34-14A-5, entered a summary judgment in favor of Ferguson on Gregory’s claims. The trial court purported to certify its summary judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Gregory timely appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Neither party has raised the issue of the appropriateness of the trial court’s Rule 54(b) certification of its December 14, 2007, summary-judgment order. However, this court may consider that issue
 
 ex mero motu
 
 because the issue whether a judgment or order is sufficiently final to support an appeal is jurisdictional.
 
 Owen v. Hopper,
 
 999 So.2d 953, 955 (Ala.Civ.App.2008) (quoting
 
 Trousdale v. Tubbs,
 
 929 So.2d 1020, 1022 (Ala.Civ.App.2005));
 
 see also Summerlin v. Summerlin,
 
 962 So.2d 170 (Ala.2007) (determining,
 
 ex mero motu,
 
 that a Rule 54(b) certification was not appropriate under the facts of the case). Certifications of finality pursuant to Rule 54(b) of an otherwise interlocutory order should not be routinely entered and should be made only in exceptional cases.
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373, 1374 (Ala.1987).
 

 “In some instances, a Rule 54(b) certification may not be appropriate. When pending claims ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results,” ’ our courts may determine a Rule 54(b) certification to be invalid.
 
 Gray v. Central Bank of Tuscaloosa, N.A.,
 
 519 So.2d 477, 479 (Ala.1987) (quoting
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373, 1374 (Ala.1987)).”
 

 BB & S Gen. Contractors, Inc. v. Thornton & Assocs., Inc.
 
 979 So.2d 121, 123 (Ala.Civ.App.2007).
 

 In
 
 BB & S General Contractors,
 
 supra, the plaintiff sued, alleging a breach-of-contract claim, and the defendants counterclaimed, also asserting a breach-of-con-traet claim. The trial court entered a summary judgment in favor of the plaintiff on the defendants’ breach-of-contract
 
 *598
 
 claim, and it purported to certify that summary-judgment order as final pursuant to Rule 54(b). This court,
 
 ex mero motu,
 
 considered whether the Rule 54(b) certification was appropriate. 979 So.2d at 123-24. This court concluded that because the interpretation of the contract and the determinations of whether the contract was breached and, if so, by whom were central to the resolution of the claim and the counterclaim, the Rule 54(b) certification was not appropriate. The court stated that it appeared that the issues were “ ‘so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.’ ” BB
 
 & S Gen. Contractors,
 
 979 So.2d at 125 (quoting
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1873, 1374 (Ala.1987)).
 

 In this case, Gregory alleged, among other things, that Ferguson had failed to pay him as required under the parties’ contractual agreement and that Ferguson had fraudulently induced him to transfer certain real property to Ferguson. Ferguson’s counterclaim alleges, among other things, that Gregory had misrepresented to him that he was properly licensed and that Gregory had failed to pay certain subcontractors as required by the contractual agreement and, therefore, he had or would incur financial losses as a result. Thus, the parties’ contract claims require resolution of, among other issues, the issue of the interpretation and the proper enforcement of their contract or agreement. Thus, “the parties’ ... claims are dependent on each other and a resolution of one claim would impact the determination of the other.”
 
 BB & S Gen. Contractors,
 
 979 So.2d at 125. Ferguson’s counterclaim is related to Gregory’s claims, which the trial court ruled on in its December 14, 2007, summary-judgment order; however, the trial court has not ruled on the counterclaim and that counterclaim remains pending.
 
 See Winecoff v. Compass Bank,
 
 854 So.2d 611, 614 (Ala.Civ.App.2003) (determining a Rule 54(b) certification to be inappropriate when a counterclaim related to the claim the trial court had ruled upon remained pending in the trial court).
 

 We conclude that Gregory’s claims and Ferguson’s counterclaim are too closely intertwined to support the Rule 54(b) certification on the resolution of Gregory’s claims.
 
 See Owen v. Hopper,
 
 999 So.2d at 957. Ferguson’s counterclaim remains pending in the trial court, and, therefore, the December 14, 2007, order was not sufficiently final to support the purported Rule 54(b) certification. Accordingly, we dismiss the appeal as having been taken from a nonfinal judgment.
 
 Owen v. Hopper,
 
 999 So.2d at 957 (citing
 
 Trousdale v. Tubbs,
 
 929 So.2d at 1022);
 
 see also BB & S Gen. Contractors,
 
 supra.
 

 APPEAL DISMISSED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Both parties assert that they entered into a contractual agreement. However, neither party submitted to the trial court a copy of a written contract.