*375 MURDOCK, Justice
(concurring specially).
I concur specially in case no. 1061808; I concur in case no. 1061834.
As to case no. 1061808, I concur in the main opinion’s conclusion that, because the issue whether the shooting was the result of a “willful or malicious” act is still awaiting determination, the trial court’s summary judgment did not completely dispose of Alfa’s claim. Even if the trial court, for purposes of the summary-judgment motion filed by the Bones, were to make a determination as to whether the shooting was the result of a “willful or malicious” act, and thereupon grant the Bones’ motion for a summary judgment as to the question of Alfa’s liability, I question whether that judgment would be appropriate for certification as a final judgment under Rule 54(b), Ala. R. Civ. P. The issues involved in such a judgment would in many respects be the same as those yet to be adjudicated between the Bones, on the one hand, and Waters and Townley, on the other, and the risk of inconsistent results remains. Indeed, any final determination as to whether Alfa will be liable monetarily to the Bones will still depend on whether Waters and Townley are found liable to the Bones on the underlying tort claim, something not yet determined. As this Court stated in Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987):
“ ‘Rule 54(b) certifications should be granted only in exceptional cases .... ’
“The facts in this ease ... do not present the type of situation that Rule 54(b) was intended to cover. ... It ... appears that the issues in the ... claims in this case are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results. We must conclude, therefore, that in the interest of justice, the claims should not be adjudicated separately.”