THOMPSON, Presiding Judge.
 

 Southern Energy Development Company, Inc. (“SEDCO”), and Roy Dobbins (“Dobbins”) (collectively “the defendants”) appeal from a summary judgment entered by the Jackson Circuit Court. For the reasons set forth herein, we dismiss the appeal.
 

 On March 25, 1994, Larry Crane, David Crane, and SEDCO entered into a partnership agreement (“the partnership agreement”). The partnership formed was known as “C & S,” and its purpose was to engage in “the general business of mining coal.” The partnership agreement included the following provision:
 

 “The partners agree that Larry D. Crane and David L. Crane shall acquire
 
 *975
 
 real estate in the Bridgeport, Stevenson, and Flat Rock quadrangles and when water samples from said property are deemed acceptable by independent consulting laboratories then Larry D. Crane and David L. Crane shall convey an undivided one-half interest in said property to SEDCO. In exchange therefore, SEDCO will enter into subcontracts to mine said coal. The partners agree that SEDCO will have the exclusive rights to mine all said coal on said property in said quadrangles provided it is commercially feasible to mine and market said coal. Any and all royalties derived from the sale of said coal shall be divided as follows: [one-half] to Larry D. Crane and David L. Crane and [one-half] to SEDCO. Any other profits, timber proceeds or proceeds of any nature derived from said property shall be divided as follows: [one-half] to Larry D. Crane and David L. Crane and [one-half] to SEDCO. If for any reason beyond the control of the partners, including but not limited to regulatory permit problems or commercial unfeasibility to mine and market said coal then and in that event this agreement shall be cancelled and held for naught and all real estate rights shall revert to Larry D. Crane and David L. Crane.”
 

 On October 27, 2000, Larry Crane (“Crane”)
 
 [1]
 
 filed an action against the defendants.
 
 [2]
 
 Crane alleged that he had attempted to have certain of his real property (“the disputed property”) auctioned but that, before the auction could be held, the defendants caused the auction to be suspended by contacting the auction company and claiming to have rights in the disputed property pursuant to the partnership agreement. Crane sought a judgment declaring that the defendants had no right, title, or interest in the disputed property.
 

 SEDCO filed a counterclaim against Crane in which it alleged that it had obtained acceptable water-sample results from the disputed property, as required by the partnership agreement, but that Crane had failed to convey a one-half interest in the disputed property to SEDCO. SED-CO stated that it offered to fulfill its obligation to mine coal on the disputed property upon the conveyance of the one-half interest in the property as called for in the partnership agreement, and it sought a judgment requiring specific performance of the partnership agreement. In a second count, SEDCO alleged that Crane had breached the partnership agreement, and it demanded an award of $1,000,000 against him.
 
 [3]
 

 On March 17, 2005, SEDCO filed a motion to add North Alabama Mineral Development Company, Inc. (“NAMDC”), to the action as a third-party defendant, and the trial court granted that motion. In its third-party complaint against NAMDC, SEDCO alleged that there was a large deposit of previously mined coal (“the gob pile”) on the disputed property. SEDCO
 
 *976
 
 alleged that it and NAMDC each claimed an ownership interest in the gob pile, and, as a result, SEDCO sought a declaration of each party’s rights in the gob pile.
 

 On June 9, 2006, Crane filed a pleading in which he alleged that he was the owner of the property on which the gob pile had been placed. He asserted a claim against the defendants and NAMDC for accrued rent for the maintenance of the gob pile on his property.
 

 NAMDC filed a counterclaim against the defendants and Crane in which it sought a declaration that it was the owner of the gob pile and that it did not owe rent to Crane. It also sought a judgment against Crane and the defendants for unjust enrichment caused by their assertion of rights over the gob pile. It asserted a claim of common-law detinue and sought an award of possession of the coal and other minerals contained in the gob pile or the value of the gob pile. It sought the imposition of a constructive trust over the coal and other minerals contained in the gob pile. NAMDC asserted that the other parties’ actions had resulted in a cloud on its title, and it requested an award of compensatory and punitive damages. Finally, it requested an award of attorney’s fees against the other parties pursuant to the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala.Code 1975.
 

 On February 3, 2010, Crane filed a motion for a summary judgment. He asserted that Dobbins had been barred by the Alabama Surface Mining Commission (“the Commission”) since 1985 from securing a mining permit because of certain mining violations, and he asserted that the Commission had never licensed SEDCO to mine coal. Crane argued that, because of those regulatory permitting problems, existing before the parties had even executed the partnership agreement, SEDCO was unable to perform under the partnership agreement and, as a result, that the partnership agreement was due to be rescinded, with title to the disputed property remaining in Crane.
 

 The defendants filed multiple responses to Crane’s summary-judgment motion in which, among other things, they argued that Crane had failed to submit evidence that the defendants could not obtain the necessary permits and licenses. They also argued that whether the defendants could obtain the necessary licenses or permits was irrelevant because the partnership agreement did not require them to do so. Instead, according to the defendants, the partnership agreement specifically contemplated that SEDCO would enter into subcontracts with third parties to perform the mining on the property, and it was those third parties that would be responsible for obtaining the necessary licenses and permits.
 

 On July 28, 2010, the trial court granted Crane’s motion and entered a summary judgment in his favor. The trial court found that the partnership agreement required SEDCO to secure all the appropriate licenses and permits to begin mining the coal on the disputed property; that Dobbins, who it stated had been an officer of SEDCO at the time the partnership agreement was executed, had been prohibited from obtaining a license or permit from the Commission to mine coal; and that the Commission had never licensed SEDCO to mine coal. The trial court concluded that because the defendants were unable to secure licenses and permits from the Commission, they could not perform their obligations under the terms of the partnership agreement, and, as a result, the trial court held that the partnership agreement was due to be rescinded.
 

 Although Crane’s summary-judgment motion was directed only to the claims between the defendants and him, the trial
 
 *977
 
 court’s order granting Crane’s motion ordered that “any and all remaining claims and/or causes of action asserted by any of the parties in this litigation and which are currently pending before this Court as part of this litigation are hereby dismissed with prejudice.” Thus, the trial court’s summary judgment in favor of Crane appeared to dispose of all the claims asserted by all the parties, including those asserted by and against third-party defendant NAMDC.
 

 The defendants filed a motion to alter, amend, or vacate the summary judgment.
 
 [4]
 
 The transcript of the hearing on that motion reflects that the trial court intended the July 28, 2010, summary judgment to apply only to the claims between the defendants and Crane, not to the claims pertaining to NAMDC. In addition, the trial court’s order denying the defendants’ motion certified the July 28, 2010, summary judgment as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., a procedural step that would have been unnecessary if the summary judgment had disposed of all the claims of the parties.
 
 [5]
 

 The defendants filed an appeal to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. Because the record was unclear as to whether the trial court, by its summary judgment, intended to enter a final judgment as to all the claims of all the parties or, instead, to enter a final judgment as to only those claims pending between the defendants and Crane, this court reinvested the trial court with jurisdiction to enter an order clarifying its intention with regard to the July 28, 2010, summary judgment. Subsequently, the trial court entered an order clarifying that its summary judgment applied only to the claims between the defendants and Crane. Thus, the claims by and against NAMDC remain pending in the trial court.
 

 On appeal, the defendants raise several arguments; however, we cannot reach those arguments. Instead, we are constrained to dismiss the appeal for lack of appellate jurisdiction because it was taken from a nonfinal judgment.
 

 Although none of the parties has raised an issue with regard to this court’s jurisdiction over the appeal, this court is required to consider its jurisdiction
 
 ex mero motu.
 
 In
 
 BB & S General Contractors, Inc. v. Thornton & Associates, Inc.,
 
 979 So.2d 121, 128-25 (Ala.Civ.App.2007), this court provided a detailed discussion of Rule 54(b), Ala. R. Civ. P., and the appropriateness of its application in various circumstances:
 

 “Rule 54(b), Ala. R. Civ. P., allows a trial court, in appropriate instances, to ‘direct the entry of a final judgment as to one or more but fewer than all of the claims
 
 *978
 
 or parties.’ With regard to subsection (b), the Committee Comments on 1973 Adoption to Rule 54 provide, in pertinent part:
 

 “ ‘This subdivision regulates the relation of that joinder to the usual requirement, in Alabama as elsewhere, that appeal must be only from a final judgment, save in unusual circumstances. See Code of Ala., Tit. 7, § 754. In general the rule adopts equity practice of a “split judgment.” See Equity Rule 69. The rule provides that, in the absence of affirmative action by the judge, no decision is final until the entire case has been adjudicated. The one exception is that where the court has completely disposed of one of a number of claims, or one of multiple parties, and has made an express determination that there is no just reason for delay, the court may direct the entry of judgment on that claim or as to that party. The judgment so entered is a final judgment in all respects, and may be appealed.... ’
 

 “In some instances, a Rule 54(b) certification may not be appropriate. When pending claims ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results,” ’ our courts may determine a Rule 54(b) certification to be invalid.
 
 Gray v. Central Bank of Tuscaloosa, N.A.,
 
 519 So.2d 477, 479 (Ala.1987) (quoting
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373, 1374 (Ala.1987)).
 
 See also Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp.,
 
 834 So.2d 88 (Ala.2002) (setting aside a Rule 54(b) certification and dismissing the appeal as being from a nonfinal judgment when the trial court considered breach-of-contract claims without considering the counterclaim alleging fraud). The mere fact that claims ‘may have arisen out of the same set of facts does not prevent them from being multiple claims.’
 
 Pate v. Merchants Nat’l Bank of Mobile,
 
 409 So.2d 797, 799 (Ala.1982) (citing
 
 Cates v. Bush,
 
 293 Ala. 535, 307 So.2d 6 (1975)).”
 

 BB & S General Contractors, Inc.,
 
 979 So.2d at 123-24.
 

 In the present case, the claims by and against NAMDC remain pending. One of the issues on which the resolution of those claims rests is the proper ownership of the disputed property. For example, SEDCO’s pending claim against NAMDC for a declaratory judgment, as well as NAMDC’s pending counterclaim against SEDCO for a declaratory judgment, both seek a determination as to the proper ownership of the gob pile, with SEDCO’s claim to the gob pile premised on its contention that it owns an interest in the disputed property by virtue of the partnership agreement. Ownership of the disputed property is also at the heart of the claims between Crane and the defendants that the trial court resolved in its summary judgment. Indeed, the depth of the intertwining between the adjudicated claims and the pending claims is illustrated by the following exchange between the attorney for NAMDC and the trial judge at the hearing on the defendants’ motion to alter, amend, or vacate, the summary judgment:
 

 “THE COURT: All right. Anything further?
 

 “MR. STEAKLEY [ (counsel for NAMDC) ]: Not that is pending before the Court, your Honor, but just to alert the Court,
 
 in light of the Court’s ruling and depending on how the Court mies on the motion for reconsideration,
 
 there is a cross-claim pending against my client, [NAMDC], that is based solely upon an interest they are claiming through a contract. So we will be coming back to the Court ultimately,
 
 de
 
 
 *979
 

 pending on the Court s ruling here,
 
 asking for summary judgment on that cross-claim.
 

 “THE COURT: That’s what I was going to ask, is what is your understanding of that part of the litigation at this point? You tell me you’ll file something.
 

 “MR. STEAKLEY: Yes, sir.
 
 In fact, the only possible right that SEDCO could claim is based on that contract. They claim an interest in certain of the minerals that are on that property and their interest is clamed through the contract. And I
 
 — obviously
 
 if summary judgment is granted there, it would be appropriate with respect to our aspect of it as well.
 

 “THE COURT: All right. We’ll deal with that on another day.
 

 “MR. STEAKLEY: Yes, sir.”
 

 (Emphasis added.)
 

 Because the claims between Crane and the defendants are so closely intertwined with the claims by and against NAMDC that separate adjudication poses an unreasonable risk of inconsistent results, we conclude that the trial court erred when it certified the summary judgment as a final judgment pursuant to Rule 54(b).
 
 See BB & S General Contractors, Inc.,
 
 supra. Without the trial court’s certification, there is no final judgment over which this court can exercise appellate jurisdiction, and, as a result, the appeal is due to be and is hereby dismissed.
 
 See id.
 

 [6]
 

 APPEAL DISMISSED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Because David Crane played only a minimal role in the litigation,
 
 see
 
 note 3, infra, the name "Crane,” when used hereinafter in this opinion, refers to Larry Crane.
 

 [2]
 

 . Dobbins, one of the defendants, had served as a director of SEDCO and was one of the signatories to the partnership agreement. In its summary-judgment order, the trial court stated that Dobbins was an officer of SEDCO at the time the partnership agreement was executed.
 

 [3]
 

 .SEDCO added David Crane as a third-party defendant to the action, and, in its third-party complaint, it made the same allegations and demanded the same relief against David Crane as it had in its counterclaim against Larry Crane. Later, the parties stipulated to the dismissal of David Crane from the action on the basis that David Crane had conveyed all of his interest in the disputed property to Larry Crane.
 

 [4]
 

 . As part of their motion, the defendants requested leave of the trial court to amend their counterclaim to assert a claim of unjust enrichment against Crane. The trial court denied that request.
 

 [5]
 

 . Specifically, the trial court's order denying the motion to alter, amend, or vacate the summary judgment provides, in part: "The Motion to Alter, Amend or Vacate is due to be, and it is hereby, DENIED. This denial of the order granting summary judgment entered by this court on July 28, 2010, is hereby made final and appealable pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure, in that the court finds no just reason for delay.” We interpret this statement as intending to certify the July 28, 2010, summary judgment as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., because the summary judgment is the only order of the trial court that actually disposes of any of the parties’ claims and is therefore the only order capable of certification as a final judgment. Furthermore, the order denying the motion to alter, amend, or vacate the judgment directly references the summary judgment in purporting to enter a certification of finality.
 

 [6]
 

 . We note that, as part of their appeal, the defendants contend that the trial court erred in denying their motion to amend their complaint. Because there is no final judgment over which this court can exercise jurisdiction, we cannot consider that aspect of the defendants' appeal.