THOMPSON, Presiding Judge.
Donald Moore and Sandra Moore appeal from a partial summary judgment entered by the Etowah Circuit Court in favor of HSBC Mortgage Services (“HSBC”) on their claim against HSBC. Because this court lacks jurisdiction in this matter, we dismiss the appeal.
The Moores filed an action against Alabama Home Construction, Inc. (“Home Construction”), and HSBC. In their complaint, the Moores alleged that they had entered into a contract with Home Construction for the construction of a new house. They alleged that, as soon as they moved into the house, they began to experience numerous problems with the house, including plumbing leaks, problems with drywall, and a severe mold infestation. The Moores claimed that they had spent a substantial amount of money to repair the house and that Sandra Moore had become ill as a result of the mold infestation. The Moores asserted claims of breach of the implied warranty of habitability, breach of contract, negligence, and wantonness against Home Construction.
With regard to HSBC, the Moores alleged in their complaint that Home Construction had arranged for the financing of the construction of the house for the Moores and that the original lender that had held the Moores’ note and mortgage related to the construction of the house sold the note and mortgage to HSBC. The Moores asserted that HSBC had purchased the note and mortgage from the original lender subject to all of the defenses the Moores had against Home Construction. The Moores asserted that they had a defense to the note based on the fact that the house Home Construction had built for them was defective and in such a condition that its value was substantially impaired. The Moores sought a credit on the balance of the loan evidenced by the note for the amount they asserted was owed to them by Home Construction due to the defective condition of the house. They also sought a stay of all loan payments due on the note until their claims against Home Construction were resolved.
In its answer, HSBC asserted, among other things, that the Moores’ claim against it was barred because it was a holder in due course of the note at issue. HSBC also asserted a counterclaim against the Moores in which it claimed that it had purchased the note and mortgage in question, that the Moores had defaulted on the note, and that HSBC was a holder in due course of the note such that the Moores’ claims against Home Construction did not excuse their default on the note. HSBC sought a declaration that the Moores had defaulted on the note; an order allowing the Moores a reasonable time in which to cure their default; and, should the Moores fail to cure the default, an order “accelerating the note and determining amounts due thereunder,” a judgment for that amount, and an order foreclosing the mortgage. The Moores filed a reply to HSBC’s counterclaim in which they asserted that the counterclaim was without merit because HSBC was not a *1190 holder in due course of the note and, as a result, that it was subject to defenses arising from their claims against Home Construction.
HSBC filed a motion for a partial summary judgment as to the Moores’ claim against it. It asserted that it was a holder in due course of the note, and it submitted evidence in support of that contention. Importantly, HSBC did not seek a summary judgment in its favor on its counterclaim against the Moores. In their opposition to HSBC’s partial-summary-judgment motion, the Moores argued, among other things, that HSBC was not a holder in due course of the note. In so arguing, they relied on 16 C.F.R. § 438.2, which is known as “the FTC Holder Rule.”
“The FTC Holder Rule, 16 C.F.R. § 433.2 (2002), provides in part that in connection with any sale of consumer goods or services, it is an unfair or deceptive act to take or receive a consumer credit contract that fails to contain the following provision in at least ten point, bold face, type:
“ ‘NOTICE
“‘ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.’
“In adopting this rule, the FTC abrogated the holder in due course rule in consumer credit transactions, thus preserving the consumer’s claims and defenses against the creditor-assignee.”
Jaramillo v. Gonzales, 132 N.M. 459, 465, 50 P.3d 554, 560 (N.M.Ct.App.2002). At the hearing on the motion, the attorney for the Moores also asserted that HSBC was not a holder in due course because HSBC had not taken the note in good faith.
On June 16, 2010, the trial court granted HSBC’s motion and entered a partial summary judgment in its favor as to the Moores’ claim against it. The trial court certified the partial summary judgment as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. The Moores filed a motion to alter, amend, or vacate the partial summary judgment, which the trial court denied. The Moores filed a timely appeal to this court. Because this court lacked appellate jurisdiction, we transferred the appeal to our supreme court. The supreme court transferred the appeal back to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The Moores raise multiple issues on appeal; however, this court’s review of those issues is precluded by the fact that we lack appellate jurisdiction in this matter. Although neither the Moores nor HSBC has raised an issue with regard to this court’s jurisdiction over the appeal, this court is required to consider its jurisdiction ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997). In BB & S General Contractors, Inc. v. Thornton & Associates, Inc., 979 So.2d 121, 123-25 (Ala.Civ.App.2007), this court discussed the entry of a final judgment as to fewer than all the claims or parties in an action pursuant to Rule 54(b), Ala. R. Civ. P.:
“Rule 54(b), Ala. R. Civ. P., allows a trial court, in appropriate instances, to ‘direct the entry of a final judgment as to one or more but fewer than all of the claims or parties.’ With regard to subsection (b), the Committee Comments on 1973 Adoption [of] Rule 54 provide, in pertinent part:
*1191 “ ‘This subdivision regulates the relation of that joinder to the usual requirement, in Alabama as elsewhere, that appeal must be only from a final judgment, save in unusual circumstances. See Code of Ala., Tit. 7, § 754. In general the rule adopts equity practice of a “split judgment.” See Equity Rule 69. The rule provides that, in the absence of affirmative action by the judge, no decision is final until the entire case has been adjudicated. The one exception is that where the court has completely disposed of one of a number of claims, or one of multiple parties, and has made an express determination that there is no just reason for delay, the court may direct the entry of judgment on that claim or as to that party. The judgment so entered is a final judgment in all respects, and may be appealed.... ’
“In some instances, a Rule 54(b) certification may not be appropriate. When pending claims ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results,” ’ our courts may determine a Rule 54(b) certification to be invalid. Gray v. Central Bank of Tuscaloosa, N.A., 519 So.2d 477, 479 (Ala.1987) (quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)). See also Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88 (Ala.2002) (setting aside a Rule 54(b) certification and dismissing the appeal as being from a nonfinal judgment when the trial court considered breach-of-contract claims without considering the counterclaim alleging fraud). The mere fact that claims ‘may have arisen out of the same set of facts does not prevent them from being multiple claims.’ Pate v. Merchants Nat’l Bank of Mobile, 409 So.2d 797, 799 (Ala. 1982) (citing Cates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975)).
[[Image here]]
“In Winecoff v. Compass Bank, 854 So.2d 611 (Ala.Civ.App.2003), the Wine-coffs redeemed two savings bonds at a bank, and the bank overpaid the amount actually due on those bonds. The bank then ‘set off,’ or deducted, an amount from the Winecoffs’ checking account as partial repayment of the overpayment on the bonds. 854 So.2d at 612. The Winecoffs sued the bank, alleging that the setoff was improper, and the bank counterclaimed, alleging that the setoff was proper and seeking the remainder of the amount it had overpaid the Wine-coffs. The trial court entered a summary judgment in favor of the bank on the Winecoffs’ claims, and, although it noted that the bank’s counterclaim was still pending, the trial court certified its order as final pursuant to Rule 54(b). This court determined that ‘the claims and the counterclaim each rested on the issue whether [the bank] could validly effect a setoff against the Winecoffs’ joint checking account.’ Winecoff v. Compass Bank, 854 So.2d at 614. Therefore, this court held that the claims and the counterclaim were too closely intertwined to render the Rule 54(b) certification valid. Accordingly, this court set aside the Rule 54(b) certification and dismissed the appeal as having been taken from a nonfinal judgment. Id.”
BB & S General Contractors, Inc., 979 So.2d at 123-25.
In the present case, the basis of the Moores’ claim against HSBC, which is presently before us, is that HSBC is not a holder in due course of the note and mortgage related to the Moores’ house and, as a result, that HSBC’s claim under those instruments is subject to certain defenses *1192 arising from the Moores’ claims against Home Construction. The basis of HSBC’s counterclaim against the Moores, which the trial court has not yet resolved, is that, because HSBC is a holder in due course of the note, the Moores are required to pay it the amount due on the note and that it is not subject to any defenses the Moores may have had based on their dispute with Home Construction over the construction of their house. The Moores’ defenses to HSBC’s counterclaim include their assertion that HSBC is not a holder in due course of the note.
Because the resolution of both the Moores’ claim, which was resolved by the partial summary judgment, and HSBC’s counterclaim, which is still pending in the trial court, require a consideration of virtually the same issues, we conclude that those claims are so closely intertwined that separate adjudication of those claims poses an unreasonable risk of inconsistent results. As a result, we conclude that the trial court erred when it certified the partial summary judgment as a final judgment pursuant to Rule 54(b). See BB & S General Contractors, Inc., 979 So.2d at 123-25. Without the trial court’s certification, there is no final judgment over which this court can exercise appellate jurisdiction, and, as a result, the appeal is due to be and is hereby dismissed. See id.
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.