THOMAS, Judge.
 

 Donnie Laney appeals from a judgment of the Cherokee Circuit Court in favor of John Edward Garmon on Laney’s complaint seeking to enjoin Garmon from blocking access to a roadway. We dismiss the appeal for lack of jurisdiction.
 

 Background
 

 Laney and Garmon own adjacent parcels of real property. A roadway runs from a public highway to a point on Garmon’s property, and, for most of its length', the roadway sits on Garmon’s property and its edge forms the boundary between the two properties. In 2000, Garmon erected a gate blocking the final 700 feet of the roadway. In 2005, Laney filed a complaint in the trial court requesting that the court (1) declare that the roadway is a public road and enjoin Garmon from blocking it or from otherwise interfering with the public’s access to the roadway, and (2) declare that Garmon had no right or interest in a parcel of property that both parties claimed was included in the property descriptions in their deeds. Garmon answered Laney’s complaint, alleging that the roadway had been abandoned as a public road for at least 20 years and that he owned the disputed property. On June 3, 2008, the trial court held a hearing on Laney’s complaint, and, after hearing ore tenus evidence, it entered a judgment declaring that the roadway had been abandoned for more than 20 years and, therefore, is not a public road. The trial court’s judgment did not address ownership of the disputed property. Laney filed a post-judgment motion, alleging that Garmon had not presented sufficient evidence to support the trial court’s judgment deter
 
 *480
 
 mining that the roadway had been abandoned for the requisite 20 years. The trial court denied Lane/s postjudgment motion. Laney appealed to the Alabama Supreme Court, and that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Analysis
 

 Although neither party addresses this court’s jurisdiction over this appeal, we may take notice of a lack of jurisdiction
 
 ex mero motu. See Ruzic v. State ex rel. Thornton,
 
 866 So.2d 564, 568-69 (Ala.Civ.App.2003), abrogated on other grounds by
 
 F.G. v. State Dep’t of Human Res.,
 
 988 So.2d 555 (Ala.Civ.App.2007). Because the trial court’s judgment adjudicated only one of the two claims Laney presented in his complaint, we conclude that the judgment is not final and that the appeal must therefore be dismissed.
 

 An appeal ordinarily lies only from a final judgment. Ala.Code 1975, § 12-22-2;
 
 Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided.
 
 Ex parte Harris,
 
 506 So.2d 1003, 1004 (Ala.Civ.App.1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
 
 Bean,
 
 557 So.2d at 1253.
 

 Because the judgment in this case does not adjudicate all the claims raised by Laney and because record does not contain a Rule 54(b) certification, we dismiss this appeal.
 
 [1]
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . We also note that Laney did not join Cherokee County as a party to the action. The county is an indispensable party to an action seeking to determine whether a road is public or private.
 
 Boles v. Autery,
 
 554 So.2d 959, 962 (Ala.1989).
 

 "The trial court’s determination of whether the road was public or was private might affect not only the rights of the individual litigants but also the rights of members of the public to use the road, the duty of the county to maintain it, and the liability of the county for failure to maintain it. If the county is not joined as a party, then neither it nor other members of the public are bound by the trial court’s ruling. Accordingly, if the county and other persons are not bound, then the status of the road as public or private is subject to being litigated again, and the results of later litigation may be inconsistent with the results of the initial litigation.”
 

 Boles,
 
 554 So.2d at 961. The fact that a county employee is called to testify as a witness at trial, as occurred in this case, does not negate the requirement that the county be joined as a party to the action.
 
 Id.
 
 "The absence of a necessary and indispensable party necessitates the dismissal [by the trial court] of the cause without prejudice or a reversal [by the appellate court] with directions to allow the cause to stand over for amendment.”
 
 J.C. Jacobs Banking Co. v. Campbell,
 
 406 So.2d 834, 850-51 (Ala.1981).