THOMPSON, Presiding Judge.
 

 Paul Murphy Brantley appeals from the judgment of the Shelby Circuit Court in favor of Prudential Relocation, Inc. (“Prudential”), for whom Gerald P. Scrushy and Kimberly B. Scrushy have been substituted on appeal.
 
 [1]
 
 Brantley also appeals from a separate judgment of the trial court entered in favor of Carl 0. Meeks and Patricia 'Meeks in the same litigation. This court consolidated the appeals, and, for the reasons set forth herein, we dismiss them.
 

 Generally, when resolving an appeal involving multiple parcels of real property, it is somewhat difficult to describe the relative locations of the various parcels of property at issue. For purposes of these appeals, we will simplify the present matter by stating that the appeals involve two parcels of property, an easement, and a road. Parcel A lies to the north of parcel B. Parcel B is bordered on the south by a county highway. A 60-foot easement connects Parcel A to the highway. The easement runs the length of parcel B along its western boundary.
 

 Brantley’s predecessors in interest owned parcel A and parcel B. Those predecessors conveyed parcel B to Guy Burns, Sr., and Guy Burns, Jr., reserving to themselves a 20-foot easement" across parcel B to access the highway. The location of the easement was not defined.
 

 In February 1982, the Burnses conveyed parcel B to J.C. White and Carol White, subject to the undefined easement. In 1983, the Whites conveyed to Brantley’s predecessors the presently existing 60-foot easement. The deed conveying the easement reads, in part: “Grantors grant herein an easement across [parcel B] only for the purpose of gaining access to grantee’s property [ (parcel A) ]. Grantees herein agree to abandon any other means of access to said property heretofore reserved across [parcel B].”
 

 In 1984, Paul Brantley and one of his family members, Billy Brantley, purchased parcel A. In 1998, they subdivided it into multiple lots. At some point, Brantley built a 10-foot-wide asphalt driveway through the easement from parcel A to the county highway.
 

 In January 2006, the Whites conveyed parcel B to Maverick Enterprises, LLC (“Maverick”). In April 2006, Maverick conveyed a portion of parcel B to Ronald Walker and Katherine Walker. Thereafter, Maverick began constructing a house for the Walkers on their lot. Maverick subdivided the portion of parcel B that it continued to own. In May 2006, Maverick sold two of the newly divided portions of parcel B to Carl Dewayne Meeks and Sandra Meeks and two other newly divided portions of parcel B to Carl O. Meeks and Patricia Meeks.
 

 On January 22, 2007, the Walkers filed an action against Brantley. They alleged that in November 2006 Brantley entered their property and cut down three large trees located on the easement, despite the fact that the trees did not impair his access to his property.
 

 Brantley filed an answer and a counterclaim. In the counterclaim, Brantley added Maverick and Kenneth Carter, Maverick’s managing member, as counterclaim defendants. Brantley alleged that, in retaliation for Brantley’s cutting down the three trees located in the easement, Carter shot several holes in Brantley’s water line,
 
 *789
 
 destroying it. On March 30, 2007, the Walkers filed a motion to dismiss Brant-ley’s counterclaim, arguing that Brantley’s counterclaim did not seek relief against them.
 

 On June 21, 2007, Brantley filed an amendment to his answer and his counterclaim. In it, he alleged that Carter had begun subdividing parcel B-. Brantley asserted that he and his attorney had notified Carter of his objection to Carter’s planned use of the driveway on the easement and to Carter’s advertising to others a right to use that driveway. Brantley alleged that he had been harassed and intimidated by the Walkers, Carter, and Maverick and that they had damaged and destroyed portions of the- driveway Brant-ley had constructed.
 

 On June 26, 2007, the parties filed a stipulation of dismissal with prejudice as to all the claims between the Walkers and Brantley, and they requested that the remaining parties be realigned to show Brantley as the plaintiff and Carter and Maverick as defendants. On August 5, 2007, the trial court entered an order dismissing with prejudice the claims between the Walkers and Brantley and realigning the remaining parties as they had requested.
 

 On November 13, 2007, the Walkers sold their property to Prudential.
 

 On August 27, 2009, Brantley filed an amended complaint in which he added Carl O. Meeks, Patricia Meeks, and Prudential as defendants. He alleged that the driveway he had constructed through the easement was a “private road,” that he had maintained the easement for more than 20 years, that he had posted “no trespassing” signs on the road on the easement, and that he had placed a locked gate across the road on the easement. He asserted that he had a “prescriptive right” to the easement and the road across it. Brantley alleged that the Meekses were trying to sell their property and that they had been advising others that the road on the easement 'was available to access their property. Brantley alleged that Carl O. Meeks had removed and damaged Brantley’s signs indicating that the road in the easement was private. Brantley asserted the allegations in his previous amended counterclaim regarding Carter and Maverick. He alleged that Carter, • Maverick, and Carl O. Meeks had harassed and intimidated him and that they had damaged and destroyed portions of the road on. the easement. He sought a declaration that the road on the easement was a “private road” and that the 60-foot easement was “an exclusive easement of Plaintiff Paul Brant-ley for the Brantley Family Subdivision.” He also sought .an award of damages against Carter, Maverick, and the Meeks: es.
 

 On September 28, 2009, Carl O. Meeks filed a separate action against Brantley. That action was assigned case number CV-09-900726. In his complaint, Meeks sought a declaratory judgment defining the easement as permissive in nature, defining it as solely for ingress and egress, prohibiting Brantley from asserting exclusive control over the easement, and ordering- Brantley to cease and desist from harassing Meeks and others who used the easement and to remove all of the signage Brantley had placed on - the easement. Meeks also sought an order from the court enjoining Brantley from harassing him and others using the easement, from placing signs on the easement without Meeks’s written permission, and from exercising any control over the easement beyond the mere use of the easement for ingress and egress.
 

 On October 13,- 2009, Brantley filed a motion to dismiss Meeks’s action on the basis that Brantley’s action had been pend
 
 *790
 
 ing before Meeks’s action was initiated and should therefore cause Meeks’s action to abate. Alternatively, he argued . that Meeks’s action should be consolidated with his action. Meeks filed a response in' which he indicated that, at the time he filed his action, he- was unaware that Brantley had added him as a party in Brantley’s amended complaint. He agreed that his action should be consolidated with Brantley’s action. Subsequently, the trial court consolidated Brantley’s action with Meeks’s, action and indicated that Brant-ley’s motion to dismiss Meeks’s action was moot.
 

 On October 22, 2009, Prudential filed a motion to dismiss pursuant to Rule 12(b)(6), Ala. R. Civ. P., and a supporting brief. Prudential argued that the amended complaint made no claims against Prudential and that it did not demand a judgment against Prudential. Prudential also argued that Brantley could not state facts sufficient to convert his “express, permissive easement from 1983” into an “exclusive easement by prescription.” Finally, Prudential asserted that Brantley’s claims against it were barred by the doctrine of res judicata based on the dismissal with prejudice of Brantley’s claims against the Walkers, Prudential’s predecessors in interest. To its supporting brief, Prudential attached deeds in its chain of title.
 

 Brantley filed a response to Prudential’s motion to dismiss in which he appeared to argue that the easement was private and reserved for his exclusive use and that the owners of the subservient properties were not entitled to use the easement and the road that ran through the easement. Brantley argued that his claims against Prudential were not barred by the doctrine of res judicata because the dismissal as to the Walkers related only to their claim that Brantley had cut down some trees in the easement, because there had not been a final judgment in the matter, and because there was no identity of the parties. In support of his response to the motion to dismiss, Brantley attached an affidavit, executed by Billy Brantley, David Eiland, and himself. In part, that affidavit read:
 

 “Our names are Paul Brantley, Billy Brantley, and David Eiland. Paul Brantley and Billy. Brantley are the owners of the Brantley Family Subdivision and have been since 1984. The property was- purchased at that time from Paul Brantley, Ralph E. Coleman, and J. Sherrill Hancock. The property consisted of 41.7 acres. We had our homes built and located on the family subdivision and have lived there from 1985 forward and have been in possession of the property since that time. David Eiland purchased lot 3 which is 5.43 acres in 1998 and had lived on the property and been in possession of the same since that time. In order to access the property, we built a 60 foot right of way with a personal 10 foot asphalt drive way along, with a 3 inch water line for utility purposes and power lines for personal use. The county required the 60 foot right of way to establish the Family Subdivision in 1998....
 

 [[Image here]]
 

 “.... The County accepted the subdivision with the private drive being privately maintained and the County to have no responsibility for its maintenance and upkeep.
 

 “Since that time and prior thereto, access has been by private road and maintained by the affiants. The private 60 foot right of way has a ten foot asphalt drive which was built and paid for by affiant, Paul Brantley, and had been taken care [of] by the affiants and their families.
 

 “The property has been posted at all times as a private road and access has
 
 *791
 
 been controlled at various times by a cabled entrance and video surveillance. Our mailboxes are located on County Road 22 and our garbage collection is at County Road 22. We have no public traffic and have had none for these 22 years of our sole ownership. Affiant Paul Brantley is familiar with the previous usage of said road and prior to this time the road has been private as his family has owned the property since the 1930s. The right of way and private road was designated 60 feet to the west side of the property in the 1980s.”
 

 Brantley also attached to the response several pictures of the road on the easement and deeds indicating how the properties at issue had been transferred over time.
 

 Prudential filed a reply in support of its motion to dismiss in which it argued, among other things, that, in deciding the motion to dismiss, “the Court can simply review the express easement, note its clarity and determine as a matter of law that the easement is not exclusive which will dispose of the matter.” It argued that “[t]he easement is clear and unambiguous on its face and gives no one — including Brantley — an exclusive right of access.”
 

 On January 12, 2010, the Meekses filed a motion to dismiss or, in the alternative, for a summary judgment. They adopted Prudential’s arguments in support of its motion to dismiss as well as the material Prudential submitted in support of that motion. The Meekses argued that, based on the evidence Prudential and Brantley had submitted, Brantley did not have an exclusive easement over the servient property.
 

 Brantley filed a response to the Meeks-es’ motion in which he adopted the response he had filed to Prudential’s motion. To his response, Brantley attached a copy of a subdivision plat that, when considered in conjunction with other evidence the parties had submitted, demonstrated that only Prudential and the Meekses owned portions of the original servient estate through which the easement ran and that Maverick no longer owned any portion of the original servient estate.
 

 On February 19, 2010, the trial court entered an order granting Prudential’s motion and dismissing Brantley’s action against it. The trial court certified the judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Brantley filed an appeal to the supreme court of that order; that court transferred Brantléy’s appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 On April 30, 2010, the trial court granted the Meekses’ motion and entered a summary judgment in their favor as to all Brantley’s claims against them. The trial court certified the summary judgment as final pursuant to Rule 54(b). The trial court indicated that Carl O. Meeks’s claims against Brantley, which the trial court referred to as a counterclaim, were stayed pending any appeal of the summary judgment. Brantley filed an appeal of the trial court’s judgment to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6). This court consolidated Brantley’s appeals.
 

 Although no party has raised the question whether this court has jurisdiction over these appeals, “we may take notice of a- lack of jurisdiction
 
 ex mero motu.” Laney v. Garmon,
 
 25 So.3d 478, 480 (Ala.Civ.App.2009). Generally, this court’s appellate jurisdiction extends only to final judgments. § 12-22-2, Ala.Code 1975.
 

 “A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided.
 
 Ex parte Harris,
 
 506 So.2d 1003, 1004 (Ala.Civ.App.1987). The only exception to this
 
 *792
 
 rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. R.”
 

 Laney v. Garmon,
 
 25 So.3d at 480.
 

 With regard to a trial court’s certification of a judgment as final pursuant to Rule 54(b), Ala. R. Civ. P., our supreme court has written:
 

 “This Court looks with some disfavor upon certifications under Rule 54(b).
 

 “ ‘It bears repeating, here, that “.‘[cjertifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.’ ”
 
 State v. Lawhorn,
 
 830 So.2d 720, 725 (Ala.2002) (quoting
 
 Baker v. Bennett,
 
 644 So.2d 901, 903 (Ala.1994), citing in turn
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373 (Ala.1987)). “ ‘ “Appellate
 
 review in a piecemeal fashion is not favored.”
 
 ’ ”
 
 Goldome Credit Corp. [v. Player,
 
 869 So.2d 1146, 1148 (Ala.Civ.App.2003) ] (quoting
 
 Harper Sales Co. v. Brown, Stagner, Richardson, Inc.,
 
 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn
 
 Brown v. Whitaker Contracting Corp.,
 
 681 So.2d 226, 229 (Ala.Civ.App.1996)) (emphasis added).’
 

 “Dzwonkowski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 363 (Ala.2004). Aso, a Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” ’
 
 Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp.,
 
 834 So.2d 88, 95 (Ala.2002) (quoting
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373, 1374 (Ala.1987)).”
 

 Schlarb v. Lee,
 
 955 So.2d 418, 419-20 (Ala.2006).
 

 The partial summary judgment in favor of the Meekses resolved Brantley’s claim against them seeking damages and seeking, in effect, a declaration that he was entitled to the exclusive use of the easement. The partial summary judgment did not, however, resolve Carl O. Meeks’s claims against Brantley. Those claims involve, in large part, virtually identical facts and issues underlying Brantley’s claims against the Meekses, i.e., the parties’ ownership interests in the easement and whether Brantley was entitled to exercise exclusive control over the easement. Brantley’s claims are closely intertwined with Carl O. Meeks’s unresolved claims against Brantley, and the piecemeal resolution of those claims does not advance judicial economy; therefore, we conclude that the trial court erred when it directed the entry of a final judgment, pursuant to Rule 54(b), in favor of the Meekses on Brantley’s claims.
 
 See Gregory v. Ferguson,
 
 10 So.3d 596, 598 (Ala.Civ.App.2008). As a result, Brantley’s appeal is from a nonfinal judgment and is due to be dismissed.
 
 See id.
 

 Brantley’s appeal from the trial court’s order dismissing his claims against Prudential, for whom the Scrushys have been substituted on appeal, is likewise due to be dismissed. Brantley’s claims against Prudential were virtually identical to its claims against the Meekses, who owned property adjacent to Prudential. Specifically, Brantley sought against Prudential a declaration that he was entitled to the exclusive use of the easement.
 

 Because a separate adjudication of the claims against Prudential would pose an unreasonable risk of inconsistent results relative to an adjudication of the claims against the Meekses, Brantley’s claims against Prudential and the Meekses are too tightly intertwined to allow for a certification of finality of the dismissal of the claims against Prudential pursuant to Rule 54(b).
 
 See Wheeler v. Bice,
 
 51 So.3d 1077, 1081 (Ma.Civ.App.2010) (holding that
 
 *793
 
 claims against two parties were too tightly intertwined to allow certification of finality as to claims against only one of the parties). Moreover, as with the other appeal, we fail to see how review of this case in piecemeal fashion would promote judicial economy in reaching a complete resolution of the present litigation. As a result, the trial court erred when certifying the judgment in favor of Prudential as final, and, for that reason, Brantley’s appeal from that judgment must be dismissed.
 

 Separately, we note that our supreme court has stated that “in cases where the final judgment will affect ownership of an interest in real property, all parties claiming an interest in the real property must be joined.”
 
 Byrd Cos. v. Smith,
 
 591 So.2d 844, 846 (Ala.1991). Although not conclusive on this point, the record indicates that there may be other individuals whose ownership interests in the easement could be impacted by a final judgment in this litigation. On remand, the trial court and the parties should consider whether, if such is the case, those parties should be joined to the action as indispensable parties.
 
 See Allbritton v. Dawkins,
 
 19 So.3d 241 (Ala.Civ.App.2009).
 

 Based on the foregoing, we conclude that the judgments from which Brantley appeals are not final judgments and do not support the present appeals. Accordingly, the appeals are dismissed. The motion filed by the Meekses to file a surreply brief is denied.
 

 2090706 — APPEAL DISMISSED.
 

 .2090778 — APPEAL DISMISSED.
 

 PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . The Scrushys are successors in interest to property that Prudential had owned that had formed the basis of Brantley’s claims against Prudential.