THOMPSON, Presiding Judge.
Jacqueline E. Austin (“Jacqueline”) appeals from a judgment awarding attorney fees in two actions involving the partition of real property or, in the alternative, the sale by division of real property that had been owned by Edna Erie Austin (“the mother”), who died in February 2005. The parties in both cases are Jacqueline and her siblings, James Maxwell Austin, Jr. (“James”), and Dana Austin-LaFrance (“Dana”). The first case, no. CV-05-363 (“the 2005 action”), filed by James and Dana in the Elmore Circuit Court (“the trial court”), involved several parcels of property that were included in the mother’s estate. The real property at issue in the 2005 action included 172 acres north of Highway 14 in Elmore County and approximately 600 acres south of Highway 14 in Elmore County. In their complaint, James and Dana requested an award of attorney fees.
Jacqueline filed the second case, no. CV-08-900088 (“the 2008 action”), in the trial court to resolve a dispute over real property that had not been included in the 2005 action. The 2008 action involved real property that had been “deeded out” of the mother’s estate to her heirs, Jacqueline, James, and Dana. Jacqueline requested an attorney fee in the 2008 action. The trial court consolidated the actions on July 8, 2008.
On April 29, 2011, the day the trial was scheduled in the consolidated cases, the *405 parties reached a settlement that resolved the dispute in the 2008 action but addressed only 172 acres of the property at issue in the 2005 action; that is, the 172 acres north of Highway 14 was included in the settlement agreement. The disposition of approximately 600 acres south of Highway 14, which was at issue in the 2005 action, has yet to be determined. The settlement agreement was read into the record, and the parties asked the trial court to reserve the issue of attorney fees that had been requested in their respective complaints. Jacqueline did not object to the reservation.
The trial court allowed the parties to submit briefs and evidence in support of their attorney-fee requests. Jacqueline requested an attorney-fee award of $54,774.31; James and Dana requested an attorney-fee award of $30,408.89. On September 13, 2011, the trial court held a hearing to determine whether an attorney fee should be awarded in one or both of the actions and, if so, the appropriate amount of fees to be awarded. Jacqueline objected to an award of an attorney fee on the ground that the division of the property had come about as the result of a settlement agreement and not a court-ordered partition or sale for division. She also argued that the settlement probably would not have been reached if attorney fees had been an issue.
On September 27, 2011, the trial court entered an amended final judgment finding that the legal services of each set of attorneys representing the plaintiffs in both actions had been performed for the common benefit of the parties; therefore, the parties were entitled to an award of attorney fees in their respective actions. For their work in the 2008 action, Jacqueline’s attorneys were awarded a total fee of $8,100.09. The trial court ordered each of the three siblings — Jacqueline, James, and Dana — to pay a third of the total fee, or $2,700.03, within 30 days of the date of the judgment. Likewise, for their work to date in the 2005 action, the attorneys for James and Dana were awarded a total fee of $24,708. The trial court ordered each of the siblings to pay one-third of the total fee, or $8,236, within 30 days of the date of the judgment.
In the judgment, the trial court acknowledged that the 2005 action had not disposed of all the real property at issue in that case. Therefore, the trial court stated, it retained jurisdiction over the 2005 action, adding: “The award of an attorney fee in connection with the instant partition portion of [the 2005 action] does not preclude the court from awarding a future attorney fee for legal work done or to be done in connection with the remaining lands in [the 2005 action].”
The trial court stated that the settlement agreement and award of an attorney fee constituted an adjudication of all the issues raised in the 2008 action and expressly determined that there was no just reason for delay in entering a final judgment in that action; therefore, the trial court stated, it entered a final judgment in the 2008 action pursuant to Rule 54(b), Ala. R. Civ. P. The trial court also stated that all the issues pertaining to the 172 acres north of Highway 14 — property included in 2005 action — also had been resolved. Therefore, the trial court said, it was also entering a final judgment pursuant to Rule 54(b) as to the disposition of the 172-acre parcel of land and the attorney fee awarded in connection with that disposition. Jacqueline appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
This is the third time these parties have been before this court. In the first appeal, this court affirmed, without an opinion, the *406 judgment of the Elmore Circuit Court partitioning certain real property among the siblings. Austin v. Austin (No. 2080177, Aug. 28, 2009), 58 So.3d 856 (Ala.Civ.App.2009) (table). In the second appeal, this court affirmed, without an opinion, the judgment of the Elmore Circuit Court dividing a separate parcel of property that was part of the mother’s estate. Austin v. Austin (No. 2080976, Feb. 5, 2010), 75 So.3d 707 (Ala.Civ.App.2010) (table).
In this appeal, Jacqueline argues that the trial court’s award of attorney fees is due to be reversed because one of the consolidated cases, the 2005 action, is still being litigated and additional attorney fees may be requested and awarded. Although this argument does not directly raise the question whether this court has jurisdiction over this appeal, “we may take notice of a lack of jurisdiction ex mero motu.” Laney v. Garmon, 25 So.3d 478, 480 (Ala.Civ.App.2009).
Generally, this court’s appellate jurisdiction extends only to final judgments. § 12-22-2, Ala.Code 1975.
“A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided. Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.”
Laney v. Garmon, 25 So.3d at 480.
In Hanner v. Metro Bank & Protective Life Insurance Go., 952 So.2d 1056 (Ala.2006), the trial court entered a judgment disposing of all the claims pending between the parties in a declaratory-judgment action; however, because a separate action in a related case that had been consolidated with the declaratory-judgment action was still pending, our supreme court concluded that, because no judgment had been entered in the related action, the order in the declaratory-judgment action was nonfinal. Hanner, 952 So.2d at 1060. In so holding, the court explained:
“ ‘According to Wright and Miller:
“‘“Although federal courts usually have said that consolidated actions do not lose their separate identity, some courts have reasoned persuasively that they should be treated as a single action for purposes of review by way of Rule 54(b), and that a judgment in the consolidated case that does not dispose of all claims and all parties is appealable only if certified as that rule requires.”
“ ‘9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2386 (2d ed.1995) (footnote omitted). The United States Court of Appeals for the Ninth Circuit has said:
“ ‘ “In our view, the best approach is to permit the appeal only when there is a final judgment that resolves all of the consolidated actions unless a 54(b) certification is entered by the district court. This leaves the discretion with the court which is best able to evaluate the [ejffect of an interim appeal on the parties and on the expeditious resolution of the entire action.”
“ ‘Huene v. United States, 743 F.2d 703, 705 (9th Cir.1984). See, also, Trinity Broad. Corp. v. Eller, 827 F.2d 673, 675 (10th Cir.1987) (“To obtain review of one part of a consolidated action, appellant must obtain certification under Fed.R.Civ.P. 54(b).”); and Spraytex, Inc. v. DJS & T, 96 F.3d 1377, 1382 (Fed.Cir.1996) (“We now extend this approach to join the Ninth and Tenth Circuits in adopting the rule that, absent Rule 54(b) certification, there may be no appeal of a *407 judgment disposing of fewer than all aspects of a consolidated case”). We find persuasive the holdings of these decisions interpreting the Federal Rules of Civil Procedure, on which our own Rules of Civil Procedure are based. Accordingly, we hold that a trial court must certify a judgment as final pursuant to Rule 51(b), Ala. R. Civ. P., before a judgment on fewer than all the claims in a consolidated action can be appealed.’
“Hanner, 952 So.2d at 1060-61 (emphasis added).”
Smith v. Butler-Austin, [Ms. 2110342, May 18, 2012] — So.3d —, — (Ala.Civ.App.2012).
In this case, the trial court did certify the judgment from which Jacqueline now appeals as final pursuant to Rule 54(b). However, not every order has the requisite element of finality that can trigger the operation of Rule 54(b). Moss v. Williams, 747 So.2d 905 (Ala.Civ.App.1999). Therefore, we must initially determine whether the trial court’s judgment of September 27, 2011, was properly certified as final pursuant to Rule 54(b).
A trial court should certify a nonfinal order as final pursuant to Rule 54(b) only “where the failure to do so might have a harsh effect.” Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996) (overruled on other grounds, Schneider Nat’l Carriers, Inc. v. Tinney, 776 So.2d 753 (Ala.2000)). Rule 54(b) certifications are not to be entered routinely and should be made only in exceptional cases. Parrish v. Blazer Fin. Servs., Inc., 682 So.2d 1383 (Ala.Civ.App.1996). “ ‘Appellate review in a piecemeal fashion is not favored.’ ” Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App.1999) (quoting Brown v. Whitaker Contracting Corp., 681 So.2d at 229). In Tanner v. Alabama Power Co., 617 So.2d 656, 656-57 (Ala.1993), our supreme court said of Rule 54(b):
“The rule confers appellate jurisdiction over an order of judgment only where the trial court ‘has completely disposed of one of a number of claims, or one of multiple parties.’ Rule 54(b), committee comments (emphasis added). In other words, the ‘trial court cannot confer appellate jurisdiction upon this court through directing entry of judgment under Rule 54(b) if the judgment is not otherwise “final.” ’ Robinson v. Computer Servicenters, Inc., 360 So.2d 299 (Ala.1978).”
It has been noted that a “Rule 54(b) certification does not authorize the entry of a final judgment on part of a single claim; thus, a judgment that awards some damages but also allows the judgment holder to return to court to prove more damages is not a final judgment.” Fullilove v. Home Fin. Co., 678 So.2d 151, 154 (Ala.Civ.App.1996) (citing Precision American Corp. v. Leasing Serv. Corp., 505 So.2d 380 (Ala.1987)) (emphasis added). Moreover, our supreme court has noted that “ ‘[o]nly a fully adjudicated whole claim against a party may be certified under Rule 54(b). See Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 742-44, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976).’ ” James v. Alabama Coalition for Equity, Inc., 713 So.2d 937, 942 (Ala.1997) (quoting Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., 813 F.2d 81, 84 (5th Cir.1987)) (some emphasis omitted).
In this appeal, Jacqueline asks this court to review the propriety of the attorney fees awarded to date in this consolidated action; however, she also argues that, because “the action is still open,” the award of attorney fees should be reversed. It is undisputed that the settlement agreement resolved only part of the claim made *408 in the 2005 action to partition or sell certain real property. The judgment makes clear that the trial court may consider awarding “a future attorney fee for legal work done or to be done in connection with the remaining” real property at issue.
The piecemeal character of this appeal is evident, and, as stated earlier, the courts of this state do not favor piecemeal litigation. See Harper Sales Co. v. Brown, Stagner, Richardson, Inc., supra. This court declines to accept Jacqueline’s invitation to consider the propriety of attorney fees awarded in the midst of this litigation. To do so now would be to open the door to a review of any attorney fee that may or may not be awarded as resolutions are reached as to other discrete portions of the property at issue. A review of awards of attorney fees in piecemeal fashion would not promote judicial economy.
In entering the judgment awarding attorney fees, the trial court clearly contemplated awarding additional attorney fees in this action. The propriety of those awards, or the lack thereof, is likely to be the subject of an additional appeal. Therefore, we conclude that a Rule 54(b) certification was not proper in this case and is due to be set aside. Accordingly, we must dismiss the appeal as having been taken from a nonfinal judgment. See Stephens v. Fines Recycling, Inc., 84 So.3d 867, 868, 878-79 (Ala.2011).
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.