Rel: January 17, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2024-0225

_____

### Sarah E. Martin

v.

### PEI Ohio, Inc., and Premium Transportation Group, Inc.

### Appeal from Jefferson Circuit Court
### (CV-22-901188)

_____

### SC-2024-0301

_____

### Sarah E. Martin

v.

**PEI Ohio, Inc., and Premium Transportation Group, Inc.**

**Appeal from Jefferson Circuit Court**
**(CV-22-901188)**

PARKER, Chief Justice.

Sarah E. Martin appeals two rulings from the Jefferson Circuit Court: (1) an order enforcing a settlement agreement in favor of PEI Ohio, Inc. ("PEI"), and Premium Transportation Group, Inc. ("PTG") (collectively referred to as "the corporations") and (2) an order directing Martin to pay attorney fees to the corporations. We dismiss the appeals on the basis that the orders were improperly certified under Rule 54(b), Ala. R. Civ. P.

## I. Facts

In 2020, Martin was injured in an automobile accident. Martin's car was hit by an 18-wheel tractor-trailer driven by Charles Streeter. Streeter was an employee of Al-Amin Brothers Transportation, LLC ("the LLC"). Following the accident, Martin sued the LLC, Adrian Al-Amin, Rafi Al-Amin, Tarik Al-Amin, and Streeter (collectively referred to as "the original defendants"), as well as 18 fictitiously named defendants.

On January 19, 2023, Martin settled with the original defendants ("the settlement"). According to the settlement agreement, Martin agreed to

"resolve and end forever, any and all [c]laims as defined below, which [Martin] now has or may ever claim to have against Al-Amin Brothers Transportation, LLC, Adrian Al-Amin, Rafi Al-Amin, Tarik Al-Amin, Charles Milton Streeter[,] and Carolina Casualty Insurance Company, or any of their heirs, assigns, affiliates, officers, directors, parents, subsidiaries, employees, agents, insurers, attorneys, or any other persons or entities who, together with any or all of the persons named above …, have or might have any liability to [Martin] on account of the Claims arising out of the accident made the basis of this Civil Action."

Martin also agreed to

"release, and hold harmless the Released Parties from any and all costs, fees, expenses, liens, claims, subrogation claims, conditional payments[,] or reimbursement claims, whether known or unknown, which may arise or have heretofore arisen in favor of any financial institution, including but not limited to medical providers, home healthcare, doctors, hospitals, chiropractors, providers, employers, health insurers, workers' compensation insurers, BlueCross Blue Shield, Medicare, Tricare, Medicaid, HMO, or other insurer, or third party, including the United States, the State of Alabama, or any agency of any state or local government, by operation of law or equity, for medical expenses, disability benefits or any other charge, fee or expense, directly or indirectly relating to the Claims that form the basis of the Civil Action."

After the settlement, Martin amended her complaint to add PTG as a defendant. On March 14, 2023, Martin filed a third amended complaint

against the corporations. The record reflects that PEI "provide[d] certain services" and "supplie[d] certain drivers," including Streeter, to the LLC.[1]

Martin's third amended complaint asserted claims of (1) negligence/wantonness; (2) respondeat superior; (3) negligent/wanton maintenance, operation, service, and/or repair; (4) negligent/wanton hiring, training, supervision, and/or retention; and (5) negligent/wanton entrustment. The corporations moved the circuit court to enforce the settlement, arguing that the release provision in the settlement agreement also applied to them and indemnified them from Martin's claims. On January 9, 2024, the circuit court granted the corporations' motion to enforce the settlement, dismissed Martin's third amended complaint, and gave the corporations 21 days to request attorney fees. The circuit court also exercised its discretion under Rule 78, Ala. R. Civ. P., to give Martin 21 days to amend her complaint.

On January 25, 2024, Martin filed a fourth amended complaint against the corporations. Martin's fourth amended complaint alleged

---

[1]PEI and PTG are separate foreign corporations that engage in similar work and have the same chief executive officer: In his deposition, Todd Packard, the chief executive officer of PEI and PTG, admitted that the LLC's contract with PEI also created a legal affiliation between the LLC and PTG.

only two counts: (1) negligent/wanton hiring, training, supervision, and/or retention and (2) breach of contract. On January 30, 2024, the corporations requested attorney fees, which the circuit court awarded without having conducted a hearing on February 21, 2024.

Because Martin's fourth amended complaint remains pending, Martin asked the circuit court to certify as final under Rule 54(b): (1) its January 9, 2024, order enforcing the settlement and (2) its February 21, 2024, order awarding attorney fees to the corporations. Martin filed her notice of appeal of the order containing the attorney-fee award on April 3, 2024 (appeal no. SC-2024-0225). On April 4, 2024, the circuit court granted Martin's Rule 54(b) motion. On May 14, 2024, Martin filed a notice of appeal, challenging both orders (appeal no. SC-2024-0301). This Court consolidated the appeals.

## II. Discussion

On appeal, Martin asks our Court to reverse (1) the circuit court's order enforcing the settlement and (2) its order awarding attorney fees. Martin argues that the corporations are not third-party beneficiaries of the settlement. Alternatively, Martin argues that, even if the

5

corporations are third-party beneficiaries, they are not entitled to attorney fees.

Before we can resolve the merits of Martin's appeals, we must first determine if the circuit court exceeded its discretion by certifying the orders pursuant to Rule 54(b), which allows a trial court discretion to "direct the entry of a final judgment as to one or more but fewer than all" claims in the litigation. A trial court may certify a judgment as final "upon an express determination that there is no just reason for delay" and "upon an express direction for the entry of judgment." The propriety of a Rule 54(b) certification is a jurisdictional matter that requires the attention of our Court even if neither party raises the issue. Fuller v. Birmingham-Jefferson Cnty. Transit Auth., 147 So. 3d 907, 911 (Ala. 2013).

Rule 54(b) certifications "'should be granted only in exceptional cases and "should not be entered routinely or as a courtesy or accommodation to counsel."'" Branch v. SouthTrust Bank of Dothan, N.A., 514 So. 2d 1373, 1374 (Ala. 1987) (citations omitted). This Court disfavors piecemeal appellate review. Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So. 2d 354, 363 (Ala. 2004). Our Court has adopted the United

States Court of Appeals for the Seventh Circuit's reasoning that Rule 54(b) contains three requirements: (1) the action must involve separate claims; (2) at least one of the claims must have been finally decided; and (3) the trial court must expressly determine that there is no just reason for delay. Scrushy v. Tucker, 955 So. 2d 988, 996 (Ala. 2006) (quoting Stearns v. Consolidated Mgmt., Inc., 747 F.2d 1105, 1108 (7th Cir. 1984)). The first two requirements have been met. The third requirement has not been met.

In considering the third requirement -- the trial court's finding that there is no just reason for delay -- our Court considers five factors:

> "'"(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [trial] court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."'"

Lighting Fair, Inc. v. Rosenberg, 63 So. 3d 1256, 1264 (Ala. 2010) (quoting MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 855 (4th Cir. 2010), quoting in turn Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d

7

1311, 1335-36 (4th Cir. 1983)) (footnote added in <u>MCI Constructors</u> deleted).

In this case, the first three no-just-reason-for-delay factors weigh against considering Martin's appeals at this time. In Martin's fourth amended complaint, the circuit court still needs to resolve two claims: (1) Martin's claim against the corporations alleging negligent/wanton hiring, training, supervision, and/or retention and (2) Martin's claim of breach of contract. Both claims arise out of the same nucleus of facts as the claims in Martin's third amended complaint, which were dismissed by the order enforcing the settlements.

The first factor -- the relationship between the adjudicated and unadjudicated claims -- weighs against Rule 54(b) certification. Regarding the adjudicated claims, the circuit court's order enforcing the settlement resolves the dispute about the settlement's scope and application to the corporations. The unadjudicated claims involve the corporations' allegedly negligent hiring of Streeter and the corporations' alleged breach of contract by hiring a driver who caused the accident. Although the theories to recovery are different, the unadjudicated claims constitute Martin's remaining attempts to recover from the corporations

for an injury arising out of the same accident underlying the dismissed claims.

The second factor -- the possibility that the need for review might or might not be mooted by future developments in the circuit court -- likewise cautions against certification. Our Court construes the mootness factor broadly, and we frequently decline to consider appeals of orders certified under Rule 54(b) when pending claims "c[an] cause some of the claims at issue on appeal to become moot." Rogers v. Cedar Bluff Volunteer Fire Dep't, 387 So. 3d 131, 136 (Ala. 2023). In this case, mootness is likely if the circuit court resolves the remaining claims in favor of the corporations.[2]

Martin's unadjudicated claim alleging negligent/wanton hiring, training, supervision, and/or retention revolves around the corporations' negligent employment or recommendation of Streeter. If the circuit court finds that the corporations were not negligent or wanton when hiring or recommending Streeter, then the corporations may not be liable to Martin even if the settlement did not cover them. If the corporations are

---

[2]We express no opinion on how the circuit court should rule on the remaining claims. We merely recognize the probability of mootness if the circuit court rules in favor of the corporations.

not liable to Martin, then her appeal regarding the scope of the settlement becomes moot. Thus, the possibility of mootness cautions us to wait for a final adjudication of the pending claims.

The third factor -- the possibility that the reviewing court might be obliged to consider the same issue a second time -- also cautions against certification because the amount of attorney fees awarded could change. In Austin v. Austin, 102 So. 3d 403 (Ala. Civ. App. 2012), the Alabama Court of Civil Appeals declined to consider an appeal of an order awarding attorney fees "in the midst of th[e] litigation." 102 So. 3d at 408 (holding that it was improper to certify order awarding attorney fees under Rule 54(b) when additional attorney fees were a possibility because "[a] review of awards of attorney fees in piecemeal fashion would not promote judicial economy"). Although the circuit court has not contemplated other grounds for attorney fees, attorney fees remain uncertain. Because the litigation is not yet finished, it remains unclear if the resolution of Martin's pending claims will alter the total amount of attorney fees awarded. Before this Court hears an appeal over attorney fees, it is preferable for the circuit court to enter a final judgment regarding all pending disputed claims. See also Williams v. County of

Dakota, Nebraska, 687 F.3d 1064, 1069 (8th Cir. 2012) ("A future appeal might well involve the issue of attorney's fees …. Thus, the interest in judicial economy counsels that we wait until all possible claims can be resolved in a single appeal.").

Our Court's preference to avoid piecemeal litigation outweighs any potential advantages of deciding the settlement's scope and application. Martin's pending claims involve the same parties, could result in findings that would moot a large part of these appeals, and could result in different obligations between the parties, particularly on the issue of attorney fees. Thus, we conclude that the circuit court exceeded its discretion when certifying its orders as final under Rule 54(b).

### III. Conclusion

Because the circuit court improperly certified its orders under Rule 54(b), it would not be appropriate for us to consider Martin's appeals. Accordingly, we dismiss Martin's appeals.

SC-2024-0225 -- APPEAL DISMISSED.

SC-2024-0301 -- APPEAL DISMISSED.

Wise, Bryan, Mendheim, Stewart, and Mitchell, JJ., concur.

Shaw, J., concurs in the result, with opinion.

Sellers, J., dissents.

Cook, J., recuses himself.

SHAW, Justice (concurring in the result).

I agree that the trial court erred in certifying the underlying orders as final under Rule 54(b), Ala. R. Civ. P. Generally, a Rule 54(b) certification is disfavored when a trial court also allows a party to amend the complaint to assert a different theory of recovery for a claim. Ghee v. USAble Mut. Ins. Co., 253 So. 3d 366, 372-73 (Ala. 2017) ("To permit a trial court to adjudicate a claim as pleaded by the plaintiff, while simultaneously permitting the plaintiff to amend his or her complaint in an effort to assert a different theory to vindicate the same right, would entirely undermine the purpose of Rule 54(b)."). Such a situation signals that the underlying claim has not been finally decided. Id.

Further, it appears to me that some of the issues that this Court would be required to address in these appeals are the same issues currently pending in the trial court. However, " '[i]t is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties.' " Centennial Assocs., Ltd. v. Guthrie, 20 So. 3d 1277, 1281 (Ala. 2009) (quoting 10 Charles Alan

13

Wright et al., <u>Federal Practice and Procedure</u> § 2659 (1998)). Although it might be beneficial, I do not believe that an appeal from an order certified as final under Rule 54(b) is an appropriate vehicle to provide a trial court with guidance as to how still-pending claims should be decided. If needed, such review can occur under the procedure set forth in Rule 5, Ala. R. App. P., if appropriate.